THE VILLAGE OF PORT JERVIS, Respondent, *v.* ERNEST M. CLOSE, Appellant.

*Supreme Court, Second Department, General Term, June 28, 1889.*

1. *Municipal corporations. Ordinances.*—An ordinance prohibiting the sale of merchandise at auction in a village without a license, is general, and applies to all persons alike, selling at auction at any place within the village, except, perhaps, at judicial sales, and public sales of second-hand furniture.
2. *Same. Power.*—Selling at auction is properly within the power of the state to regulate.
3. *Same. Defense.*—It is no defense, in a proceeding to recover for a violation of this ordinance, that others, who have violated it, have not been prosecuted therefor.

Appeal from a judgment of the county court, affirming judgment rendered by the police justice.

Section 116 of the by-laws and ordinances of the village of Port Jervis, entitled "License for sale of merchandise at auction," provides :

" § 116. Be it ordained, that sales of merchandise at auction, except legal sales and sales of second-hand household goods, shall henceforth be prohibited within the village of Port Jervis, unless a license fee of five dollars for each day of such sale shall first have been paid, and a license therefor issued by the president of said village.   Upon payment of such fee to him, the president of the village is authorized to issue such license.   Each and every person violating any of the provisions of this ordinance shall forfeit and pay the sum of ten dollars for each day of such violation."

*John W. Lyon,* for appellant.

*C. E. Cuddeback,* for respondent.

PRATT, J.—This action was brought to recover penalties for alleged violations by the defendant of section 116 of the

by-laws and ordinances of the village of Port Jervis in relation to the sale of merchandise in said village, without first procuring a license according to the provisions of the ordinance cited.

The judgment was rendered by a police justice of the village and affirmed by the county court from which defendant appeals.

There seems to be no dispute about the facts, as the defendant himself admitted that he violated the ordinance as charged.

We think the passage of such an ordinance was clearly within the powers conferred by the village charter by chapter 370 of Laws of 1873, § 51, which provides that "It shall be the duty of the trustees, and they shall have power to prohibit or regulate and license auction sales in said village, and hawking and peddling, or stands for the sale of goods, merchandise, or other articles, in the streets and public grounds of said village, etc."

The defendant claims that because he leased a store in which to hold his auction, he is not liable ; or, in other words, that the ordinance in question only applies to streets and public places, and that if he hired a place indoors for a few days, he could evade the ordinance.

In our view the ordinance was general and covered all sales at auction, except, perhaps, judicial sales and second-hand furniture. It was intended to apply to the business of auctioneers carried on in the village.

The ordinance was reasonable in its terms, and applied to all persons alike who should attempt to engage in that business.

Long and learned arguments have been indulged in by the counsel, but it is clear that the ordinance was within the act of legislature creating the charter, and that it is within the police powers which the legislature can exercise.

Selling at auction is essentially public in its character,

and properly within the power of the state to regulate. Brooklyn v. Breslin, 57 N. Y. 591.

It was no defense to this proceeding that others had violated the ordinance and not been prosecuted. If we assume that defendant's construction of the ordinance before quoted is correct, and that it only refers to auction sales upon the street or public places, yet it may well be that, under subdivision 37 of the same section, the trustees had power to regulate public auctions by "passing such by-laws, as they deemed necessary and expedient, for the good government of the city;" but it is not necessary to go to that section, as the power is clearly granted in the previous subdivision.

There is nothing unjust or oppressive in the ordinance, and it cannot be said to be in restraint of trade.

We have examined all the exceptions and find no error. Judgment affirmed, with costs.

All concur.