THE   CITY   OF   CENTRALIA,   Respondent,   v. GEORGE W. SMITH, Appellant.

Kansas City Court of Appeals, December 7, 1903.

1. **TRIAL AND APPELLATE PRACTICE: Exceptions.** The statement in the motion for new trial that an exception is saved is insufficient to secure a review of the matter complained of.

2. **MUNICIPALITIES: Anti-Firecracker Ordinance: Police Power.** An ordinance prohibiting the explosion of fire crackers, Roman candles, etc., is within the police power of the city.

3. **————: Delegating Legislative Power: Authority Conferred on Mayor.** An ordinance prohibiting the explosion of firecrackers, etc., without the written consent of the mayor specifying the time and place, is not a delegation of legislative power.

4. **————: Violation of Unenforced Ordinance: Defense.** In a prosecution for violating an ordinance, the fact that it has not been theretofore enforced does not constitute a defense; and the further statement, set out in the opinion, of the defendant's knowledge and observations are held, no defense.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday,* Judge.

AFFIRMED.

*J. L. Stephens* for appellant.

(1)   The court erred in overruling defendant's motion to quash the information filed in said cause by the city attorney.   Ruggles v. Collier, 43 Mo. 353.   (2) In the cases of Thompson v. Boonville, 61 Mo. 282, Matthews v. Alexandria, 68 Mo. 110, it is held that a city council can not delegate a duty plainly and expressly devolved upon them to the mere discretion and caprice of a single individual.   (3)   This ordinance is invalid for the reason that it is unconstitutonal, unreasonable and subject to favoritism, placing the power of monopoly in the hands of the mayor.   City of St. Louis v. Russell, 116 Mo. 248, and a number of other cases therein cited; Cape Girardeau v. Riley, 72 Mo. 220; State v. Tenant, 14 S. E. 387; City of St. Louis to use v. Clemens, 43 Mo. 385.   (3)   The court erred in refusing competent, relevant and material evidence offered on the part of the defendant.

*H. S. Booth* and *J. H. Cupp* for respondent.

(1)   Where the provisions of an ordinance are separable, the whole will not be declared void because of the unconstitutionality of a part.   Railroad v. Railroad, 105 Mo. 577-590; City of Rockville v. Merchant, 60 Mo. App. 365; City of Lamar v. Weidman, 57 Mo. App. 507.   (2) This ordinance is not unreasonable, nor beyond the scope of the authority of the board.   (R. S., sec. 5958); St. Louis v. Railroad, 89 Mo. 44; St. Louis v. Railroad, 14 Mo. App. 221; St. Louis v. Frein, 9 Mo. App. 590; Allen v. Louisiana, 103 U. S. 83.

ELLISON, J.—Defendant was convicted in the police court of the city of Centralia for exploding firecrackers within the limits of the city on the Fourth of July, 1901.   He appealed to the circuit court of Boone county where he was again convicted.   He now comes here asking that the judgment be reversed.

There was a motion made by defendant to quash the information or complaint, which was overruled.  As no exception was saved we need not notice it further.  The statement made by defendant in his motion for new trial that he excepted is not sufficient.

The ordinance of said city which, defendant is charged with violating prohibits the explosion of "fire-crackers, roman candles, squibs, pin wheels, throwing turpentine balls, or other combustible device, without the written consent of the mayor specifying the time and place where," etc.  We regard it as within the police power of the city to enact the ordinance.  The notorious fact that fires, frightening of horses, serious accidents to both actors and spectators commonly follow such amusement, is ample and reasonable ground justifying the exercise of the supervisory restraining power of the municipality.

The defendant claims the ordinance to be invalid as delegating a legislative power to the mayor.  The rule is correctly stated by defendant as shown by authorities in his brief that legislative power can not be delegated; but we do not consider that any such power is delegated by the ordinance in question.  It prohibits the explosion of firecrackers, etc., "without the written consent of the mayor specifying the time and place."  This was not a delegation of legislative power.  It was a mere cautionary clause, to the end that such matters might be supervised by the executive officers of the city.  It was no more a delegation of legislative power than is the common municipal mode of restraining the carrying of fire-arms, except by written permission of the mayor.

The trial court properly sustained the objection of the attorneys for the city to evidence offered to show that the ordinance had not been thereforе enforced when violated on legal holidays.  Its dormant state theretofore may have demonstrated its wisdom and have been ample cause for its present enforcement.

Finally, the defendant makes the following statement as bearing on the legality of the act charged against him:

"That he had during his citizenship in Centralia participated with most all the citizens in shooting off firecrackers on the Fourth day of July, and other legal holidays. That on these occasions the ordinance of said city had always been ignored and by tacit understanding suspended, and the mayor of said city generally had charge and management of the fireworks. That defendant did not know it was a violation of any of the ordinances of said city to shoot firecrackers on the Fourth day of July, having known of its universal participation by the citizens of said city on such days, and on this same day, the Fourth day of July, 1901. That when defendant heard the marshal say he had been ordered by the mayor to arrest parties found shooting firecrackers in the street, he did not know that the order meant to embrace the back yard of one's home. That the citizens advertised and had a Fourth of July celebration on this occasion, and defendant of course thought that the shooting of firecrackers was in keeping with the occasion."

We are of the opinion that the trial court properly rejected such theory as a justification of the offense charged.

The judgment is affirmed. All concur.