GULF THEATRES, INC., a Delaware Corporation, *et al.,* v. STATE, *ex rel* CHESTER H. FERGUSON.

182 So. 842.
Division A.
Opinion Filed July 28, 1938.

*T. M. Shackleford, Jr.,* and *Alex. Akerman, Jr.,* for Appellants;

*Joseph E. Williams,* for Appellee.

BUFORD, J.—In this case the complainant in the court below filed suit to enjoin the operation of what is known as Bank-night under the provisions of Section 3223 R. G. S., 5029 C. G. L.

On hearing the Circuit Court entered the injunction.

The defendants appealed and procured an order of supersedeas.

The appellants now apply for a constitutional writ under the provisions of Section 5, Article V, of the Constitution to restrain the Honorable Joseph E. Williams as County Solicitor of Hillsborough County, Florida, the prosecuting attorney of the Criminal Court of Record of said County of Hillsborough, from instituting by the filing of informations in the Criminal Court of Record of Hillsborough County, Florida, prosecutions against the appellants in connection with operating what is known as "Bank Night" in their respective theaters.

Ordinarily, injunction will not lie, nor will this Court issue its constitutional writ under the provisions of the Constitution above mentioned to enjoin criminal prosecutions, but in this case the record shows that the State, through its citizen Ferguson, has elected to invoke the jurisdiction of the court of chancery to determine whether or not the operation of what is known as "Bank Night" is unlawful and has brought the appellants here into its courts of chancery for the determination of that question.

In the case of Pompano Horse Club, Inc., *et al.,* v. State, *ex rel* Bryan, 93 Fla. 415, 111 Sou. 801, we held:

"When authority is properly conferred upon a private citizen to bring a suit in equity, in the name of the State, for the purpose of suppressing by injunction a public nui-

sance, the suit is in effect one instituted in behalf of the public, and in which the public is the real complainant, to the same extent as though the suit was brought by the Attorney General or public prosecutor."

This is the same sort of a suit as that which we had under consideration in the Pompano Horse Club case, *supra.*

In Spink v. Francis, *et al.,* 20 Fed. (1st Series) 567, it was held:

"A court of equity can interfere by an order, with a party conducting a criminal procedure only when the parties sought to be enjoined have, as plaintiffs, submitted themselves to the court, by a bill of equity as to the matter or right affected by or involved in the criminal procedure; but the pursuer and pursued must be identical in the case, i. e., the defendant in the bill and in the indictment must be the same person, and the person preferring the bill and the criminal charge must also be the same."

And in the opinion in the same case it is said:

"The authority of the chancery court is therefore limited to a plaintiff in the equity proceedings and comes from the general authority of courts of chancery to control the conduct of parties who seek its aid in furtherance of their civil rights. Story, Eq. Jur. No. 893. The case which is recognized as establishing the rule (Lord Hardwicke's) makes it apply only to a case where a plaintiff in equity attempts to resort to a criminal procedure to enforce against the defendant the same rights which he is pursuing against the same defendant in the equity cause. It is the double harrassing, *first,* by the equity suit, and *second,* by the criminal procedure, that the equity court interrupts. This is the ground upon which the queen's counsel, who argued in support of the injunction, placed the application in *Saull* v. *Browne, supra.* But the pursuer and pursued must be identical in the cases, i. e., the defendant in the bill and in

the indictment must be the same person—and the person preferring the bill and the criminal charge must also be the same."

In the case of "In the Matter of Andrew J. Sawyer," 124 U. S. 200, 31 L. Ed. 402, it was held:

"A court of chancery has no power to restrain criminal proceedings, unless they are instituted by a party to a suit already pending before it, to try the same right that is in issue there."

This case comes within the exceptions named in those cases and which have been recognized in *Ex Parte* Young, 209 U. S. 123, 52 L. Ed. 714, as well as in other Federal cases and also in a number of cases reported from State courts. See Crighton v. Dahmer, 70 Miss. 602, 35 Am. St. Rep. 666; Palmetto Golf Club v. Robinson (S. C.), 141 S. E. 610; Economy Cleaners v. Green (Court of Ch. of Del.), 184 Atl. 225; Henderson v. Henderson (Tenn.) 1 S. W. (2d) 526; Anderson Clayton & Co. v. State (Com. of Appeals of Tex.) 62 S. W. (2d) 107.

As was held in the Pompano Horse Club case, *supra,* the State is the real party to a chancery suit of this sort brought for the purpose of restraining the nuisances defined in Sec. 5639 R. G. S., 7832 C. G. L., and the County Solicitor is the agent of the State in the institution of prosecution. When this Court issued its order of supersedeas it placed in repose the injunction procured by the State through its citizen Ferguson restraining relators from operating what is known as "Bank Night" and if the State may, regardless of that order of supersedeas, prosecute the complainants for doing the very thing which they were restrained from doing, then the order of supersedeas will be set at naught, because prosecution will as effectively restrain the complainants from operating "Bank Night" as would a restraining order issued by the Circuit Court.

Under this state of facts and under these conditions it is proper for this Court to exercise its power under Section 5 of Article V of the Constitution to issue a "writ necessary or proper to the complete exercise of its jurisdiction." The Court exercised its jurisdiction in issuing the order of supersedeas but its exercise of that jurisdiction will not be complete if the State may proceed in another forum to effectuate the same result which is sought in the case now before us.

For the reasons stated, the constitutional writ will be awarded as prayed.

So ordered.

ELLIS, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.