THE MERRY-GO-ROUND, INC., *et al.,* v. STATE, *ex rel.*
VINCENT U. JONES.

186 So. 538.
Opinion Filed February 7, 1939.

*J. H. Swink,* for Appellants;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for the State of Florida.

*Ernest E. Roberts* and *Whitfield & Whitfield,* for Appellee.

TERRELL, C. J.—In August, 1938, Vincent U. Jones filed his bill of complaint in the Circuit Court of Dade County pursuant to Section 5029, Compiled General Laws of 1927,

praying that appellants as defendants, be restrained from operating that certain place known as "The Merry-Go-Round," on the ground that it was being used for the purpose of gambling and constituted a nuisance. A motion for temporary injunction and to dismiss the bill of complaint were denied and this appeal was prosecuted but limited to the decree refusing to dismiss the bill of complaint.

It is contended that the motion to dismiss should have been granted because the bill of complaint is devoid of equity and because Section 5029, Compiled General Laws of 1927, is unconstitutional and void.

Section 5029, Compiled General Laws of 1927, is as follows:

"Whenever any nuisance as defined in Section 7832 is kept, maintained or exists the State's attorney, county solicitor, county prosecutor, or any citizen of the county through any attorney he may select, may maintain his action by bill in chancery in the proper court in the name of the State of Florida upon the relation of such attorneys or citizen to enjoin said nuisance, the person, or persons conducting or maintaining the same and the owner or agent of the building or ground upon which said nuisance exists."

Appellants admit that the Constitutional validity of this Act was assailed and upheld in Pompano Horse Club v. State, 93 Fla. 415, 111 So. 801, but they say the grounds on which it is now challenged were not raised in that case and therefore may be appropriately raised at this time. It is quite true that an Act may be upheld at one time on a given state of facts and may at a later date be stricken down on a different state of facts that were not drawn to the attention of the Court in the first consideration.

The pith of appellant's contention on this consideration is that the trial of this case amounts to a judicial inves-

tigation and determination of the fact of whether or not defendants have committed a felony and being of that character, the investigation can only be instituted by information sworn to by the County Solicitor of Dade County; it can not be instituted legally by a private citizen as was done in this case.

If we admit appellants' premise, we would likely be driven to its conclusion. Section 7832, Compiled General Laws of 1927, defines as a nuisance any booth, house, tent, building or place where prostitution, assignation, lewdness, games of chance, or gambling are conducted in violation of the law, and Section 5029, Compiled General Laws of 1927 provides that any State Attorney, County Solicitor, County Prosecutor, or any citizen may maintain in the name of the State a bill in equity to enjoin such nuisances.

The fault with appellants' logic is that it does not distinguish between the felony and the place where the felony was committed. It may be that in some instances, the acts that aid in or constitute the nuisance will amount to a felony but the nuisance has reference to the place or rem used illegally rather than the act committed. The use of the place or rem illegally is the thing authorized to be enjoined under Section 5029, Compiled General Laws of 1927. If the act constituting the nuisance happened to be a felony and was being prosecuted, certainly that could only be reached by information sworn to by the County Solicitor, but when the purpose is to reach the rem or the place and suppress that, it may be done by bill in equity in the name of any one of the officers named or by a private citizen.

Suppressing the place constituting a nuisance is a very different matter from prosecuting criminally those who commit felonious acts contributory to it, but the fact that the nuisance is abated by bill in equity is no bar to pros-

ecution of those guilty of a felony contributing to it. This question was conclusively settled in the well considered opinion in. Pompano Horse Club v. State, *supra,* and while the questions raised here were not directly presented in that case, they were indirectly involved and were by inference settled by it.

In both the majority and the minority opinion in the last cited case, it was in terms announced that a bill in equity to suppress a nuisance was not a bar to prosecution for illegal acts appertaining to the nuisance. In an exhaustive note beginning on page 147, Vol. V, A. L. R., it is pointed out that this rule prevails in every State in the Union except perhaps New Jersey. The scope of the power of courts of equity to suppress nuisances both inherently and when conferred by statute is discussed at length in the note just cited. Unless conferred by statute, the exercise of that power has often been limited to cases of interference with property rights. *Ex Parte* Edward F. Young, 209 U. S. 123, L. Ed. 714.

It would be a sad commentary on our system of jurisprudence to now hold that nuisances affecting the health, morals, welfare and manners of a community could not be suppressed at the instance of a private citizen when that very thing has been done under the common law for more than three hundred years and is approved by practically every State in the Union. The State is a party to such proceedings, and they are recognized as being employed for a very wholesome purpose. They are conducted under different procedure from a criminal prosecution, are directed to the place rather than the perpetrator of the act, and are not conclusive as to individual guilt.

This holding does not do violence to the well settled equitable principle that injunction will not lie to enjoin a criminal prosecution; neither will this Court's writ

granted under Section 5 of Article V of the Constitution 'be employed for that purpose. Such prosecutions have reference to those under the penal laws of the State and 'may include felonious acts auxiliary to a public nuisance.

Neither is this holding in conflict with Gulf Theatres, Inc., v. State, 133 Fla. 634, 182 So. 842, the language of which has been construed as a holding by this Court that the suppression of a common nuisance concluded prosecution for the criminal acts contributing to the nuisance. If the nuisance and the criminal act were one and the same and the same party and the same right was involved in each, an exception might arise to the rule here approved, but not othewise, and no such exception is involved in this case. In the matter of Andrew J. Sawyer, 124 U. S. 402; 31 L. Ed. 202.

There is no theory under which the language of this Court's opinion in the Gulf Theatres case could be given such an interpretation except by reading it in the abstract, disassociated with any concrete state of facts whatever, and no opinion of any court should be so read. Read in connection with the facts in that case and the case of Pompano Horse Club v. State, *supra,* it is entirely consistent with what we have said in this case. When thus read, all three cases are consistent and in harmony with the dominant rule in this country.

Opinions are valuable only as they pronounce the law arising from a given state of facts. From the standpoint of syntax and euphony many opinions of this Court and others might be more happily phrased, but let us examine the factual basis for the opinion in the Gulf Theatres case. The State on relation of Ferguson, a citizen, secured an injunction under the Act brought in question restraining the use of the property for the operation of "Bank Night." Gulf Theatres, Inc., appealed and secured supersedeas. The

supersedeas for all practical purposes obviated the injunction secured by Ferguson. The County Solicitor proceeded to prosecute certain defendant owners under the penal laws for operating "Bank Night." This Court issued a constitutional writ under Section 5 of Article V of the Constitution to preserve the complete exercise of its jurisdiction pending the appeal.

When Ferguson's injunction was obviated by the supersedeas, Gulf Theatres, Inc., could then operate "Bank Night" pending the disposition of the cause on appeal. The effect of this Court's constitutional writ was to overcome both the supersedeas and the criminal prosecution and hold them in abeyance till the cause was disposed of, it not having been determined at that time that "Bank Night" was illegal and if not so determined no prosecution would lie. It enjoined nothing and should not be so construed. This was the sole question before the Court in that case, and any pronouncement on any other question was obiter.

The decree below is affirmed.

Affirmed.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN and THOMAS, J. J., concur specially.

THOMAS, J. (concurring specially).—I concur in the above conclusion of the court affirming the judgment of the lower court, because of the view that there is a distinction between the instant case and that of Gulf Theatres, Inc., v. State, 133 Fla. 634, 182 South. Rep. 842.

Section 7832 C. G. L. 1927, provides that whoever shall maintain a place where games of chance are engaged in shall be deemed guilty of a nuisance.

At the time of the issuance of the constitutional writ in Gulf Theatres, Inc., v. State, *supra,* the so-called "bank

night" plan had not been adjudicated a lottery in violation of the Constitution and it was thought by the court that it would be unjust to allow prosecutions for the operation of "bank night" to continue while it was being determined whether or not the scheme was a use of property denounced by Section 7832 C. G. L. 1927.

That question is not presented in this case and there seems no logical reason for the construction which has been given the court's opinion, viz.: that by means of an injunction under Sec. 7832, *supra,* and Sect. 5029, C. G. L., all criminal prosecutions should be held in abeyance.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.