G. J. STOCKS v. L. L. LEE as City Manager of Miami, *et al.*

198 So. 211
Division A
Opinion Filed October 25, 1940

*William J. Pruitt,* for Appellant;

628

*Lewis Twyman* and *J. W. Watson, Jr.,* for Appellees.

BUFORD, J.—The appeal brings for review order dismissing amended bill of complaint.

The bill of complaint in effect alleged that by ordinance the City of Miami prohibited the conduct of business or trade on Sunday either by manual labor, with animal or mechanical power, excepting therefrom work done of necessity and also excepting the printing, publication and circulation of newspapers, and that it was the purpose of the city officials to arrest and prosecute the plaintiff for violating the ordinance.

Plaintiff does not attack the validity of the order but claims the right to injunction upon the theory that while his business and operation comes within the purview of the ordinance there are other classes of business which come within the purview of the ordinances as to which other businesses it is not the purpose of the city commission to interfere with the operation on Sunday.

In other words, the plaintiff claims the right to injunction on behalf of himself and others engaged in the same business in which he is engaged unless and until the ordinance is enforced as against all others who come within the purview of the ordinance.

The ordinance is known as Ordinance No. 319 of the City of Miami. It has been before this Court and held valid in the case of Orr v. Quigg, 135 Fla. 653, 185 Sou. 729.

It appears to be well settled that injunction will not lie to prohibit the enforcement of a city ordinance where a remedy exists at law. See Egan v. City of Miami, 130 Fla. 465, 178 Sou. 132, Town of Orange City v. Thayer, 45 Fla. 502, 34 Sou. 573; Rawls v. City of Miami, 82 Fla. 65, 89 Sou. 315.

It is also recognized as a generally established principle

of law that the acquiescence of the municipal authorities in the violation of an ordinance or regulation is no defense. In other words, that the failure of the authorities to enforce the ordinance against others constitutes no defense in favor of one who is prosecuted under such ordinance. Sylvania v. Hilton, 123 Ga. 754, 51 S. E. 744, 107 AM SR 162, 2 LRANS 483; People v. Gardner, 143 Mich. 104, 106 NW 541; Peo. v. Baker, 115 Mich. 199, 73 NW 115; State v. Sugarman, 126 Minn. 477, 148 NW 466, 52 LRANS 999; Centralia v. Smith, 103 Mo. A. 438, 77 SW 488; Port Jervis v. Close, 2 Silv. Sup. 501, 6 NYS 211; Chimene v. Baker, 32 Tex. Civ. A 520, 75 SW 330; Charleston v. Reed, 27 W. Va. 681, 55 Am. R. 336.

Injunction will not lie to enjoin a criminal prosecution. Merry-Go-Round, Inc., v. State *ex rel.* Jones, 136 Fla. 278, 186 Sou. 538; Gulf Theatres, Inc., v. State *ex rel.* Ferguson, 133 Fla. 634, 182 Sou. 842; Hagerty v. Coleman, 133 Fla. 363, 182 Sou. 776.

The bill was without equity and was properly dismissed.

The decree is affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.