## CANNON v. CITY OF DALLAS et al.

### No. 4973.

Court of Civil Appeals of Texas.
El Paso.

Dec. 2, 1953.

Rehearing Denied Dec. 30, 1953.

Carl C. Patrick, L. L. Dinkins, Pasadena, for appellant.

H. P. Kucera, City Atty., John H. Shurette, W. M. Parks, Asst. City Attys., Dallas, for appellees.

FRASER, Justice.

This is a suit for injunctive relief. H. P. Cannon, d/b/a H. P. Cannon Wholesale Fireworks Company, brought suit against the City of Dallas et al., to enjoin said defendants from enforcing the provisions of the City of Dallas Fire Code against said plaintiff. On hearing for temporary injunction, the trial court heard evidence offered by both parties on February 20, 1953, and on March 28, 1953, rendered judgment in favor of the defendants, staying, however, the effect of the order, pending decision on appeal.

The appellant in his first point urges that the ordinance in question, No. 4370, Art. 41–2(f) which recites as follows:

"*Article 41–2. Prohibited explosives.*—It shall be unlawful for any person to have, keep, store, sell, offer for sale, give away, use, transport or manufacture any of the following ex-

plosives in any quantity, within the corporate limits of the City of Dallas.

"(f) Fireworks of all kinds."

is invalid and deprives appellant of substantial property rights without due process of law.

Article 1068, subds. 6, 7 and 10 of Revised Civil Statutes states as follows:

"*Art. 1068. Fire Regulations.* The City Council shall have power: * * *

"6. To regulate or prevent and prohibit the use of fireworks and firearms.

"7. To direct, control or prohibit the keeping and management of houses or any buildings for the storing of gun powder and other combustible, explosive or dangerous materials within the city; to regulate the keeping and conveying of the same.

* * * * * *

"10. And generally to establish such regulations for the prevention and extinguishment of fires as the city council may deem expedient."

With this in mind we now examine the facts in the light of appellant's claim.

■ It is well settled that municipal corporations may promulgate and enforce reasonable regulations safeguarding the health, comfort and general welfare of their citizens. The manner and time of exercising these functions is left to the sound discretion of the governing body of the municipality, and their decisions must not be disturbed unless clear and convincing proof of arbitrary and unreasonable action is produced, showing that a citizen has been deprived of his property or rights without due process of law. Sitterle **v.** Victoria Cold Storage Co., Tex.Civ.App., 33 S.W.2d 546; Louder v. Texas Liquor Control Board, Tex.Civ.App., 214 S.W.2d 336; Ex parte Clark, 139 Tex.Cr.R. 385, 140 S.W.2d 854; City of Coleman v. Rhone, Tex.Civ.App., 222 S.W.2d 646; City of Brenham v. Holle & Seelhorst, Tex.Civ.App., 153 S.W. 345.

■ The distinction between cases involving right of eminent domain or where the municipal corporation appropriates property, and where the use of property is restricted or prohibited must be kept in mind. It has been held that police power permits actual destruction of property where public welfare demands. In such cases the city does not affirmatively benefit, but merely prevents or seeks to prevent some type of harm or nuisance to its citizens, and the loss by regulation or destruction does not enrich anyone, as is the case where property is taken for public use and not because it or its use offends. The power to protect by regulation cannot be and is not burdened with the duty of compensating the aggrieved. We do not find the regulation in question to be an arbitrary abuse of the police power of the City of Dallas, as it is clearly aimed at preventing fire and other damage from fireworks. It is common knowledge that the use of fireworks in crowded areas is dangerous to both life and property. One's use of one's own property is always subject to regulation when public protection so requires. Ex parte Clark, supra; Chappell v. City of Birmingham, 236 Ala. 363, 181 So. 906; Louder v. Texas Liquor Control Board, Tex.Civ.App., 214 S.W.2d 336; Mugler v. State of Kansas, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205; Sitterle v. Victoria Cold Storage Co., Tex.Civ.App., 33 S.W.2d 546; City of Centralia v. Smith, 103 Mo.App. 438, 77 S.W. 488; Killebrew v. City of Wrightsville, 17 Ga.App. 809, 88 S.E. 590; Nance v. City of Cheyenne, D.C., 56 F.2d 453.

This point is therefore overruled.

■ Appellant's second point alleges that the trial court erred in its conclusion of law that the City of Dallas had authority to enact the ordinance in question. He bases this position on the ground that Section 38 of Article 7047, Vernon's Texas Civil Statutes, has placed the state in a completely dominating position in the field of fireworks. This Section is as follows:

"*38. Tax on dealers in cannon crackers, etc.* From every person, firm

or corporation engaged in the occupation of selling cannon crackers, or toy pistols used for shooting or exploding cartridges, within this State, an annual tax of five hundred dollars, and counties and incorporated cities or towns in which such business is located shall have the power to levy a tax of one-half the above amount as now provided by law in addition to the above tax, and such person, firm or corporation so selling such cannon crackers shall be required to pay an additional tax in the above amount and take out an additional license for each separate establishment or place in which such cannon crackers shall be sold. By the term 'cannon cracker' is meant any fire cracker or other combustible package more than two inches in length, and more than one inch in circumference commonly sold and exploded for purposes of amusement. Nothing herein shall be so constructed as to prohibit the sale of, or to place a tax on, the sale of cartridges, combustible packages or explosives commonly used for firearms or artillery, mining, excavating earth or stone, scientific purposes or for any public or private work. Acts 1909, p. 174."

It is immediately apparent that this statute calls for an occupation tax to be paid by those selling cannon crackers and toy pistols. Appellant urges that there is a fatal conflict between the Dallas ordinance and the State statute. If this is true, it is elementary that the ordinance will have to give way to the higher authority of the state law. But here the state law merely imposes a tax on those who sell cannon crackers and toy pistols. The power to tax is distinct from the police power lodged in a municipal corporation authorizing it to take proper steps to safeguard the comfort and security of its citizens. Such is not only the right of such municipality, it is the responsibility as well. The State here, by its statute, in no way invades the field of the regulation of the sale of fireworks in the City of Dallas, merely by the imposition of the above-mentioned occupation tax. It is well settled that the power of taxation is distinct from the power of regulation and the mere imposition of an occupation tax by the State neither relieves a municipal corporation from its responsibility to safeguard its citizens nor deprives it of the necessary power to do so. To hold otherwise would be to destroy the police power of municipalities whenever it suffers the malignant embrace of a state occupation tax. This would, for example, destroy the local option law. Such is not the law. The point is accordingly overruled. Xydias Amusement Co. v. Houston, Tex.Civ.App., 185 S.W. 415; Town of Ascarate v. Villalobos, 148 Tex. 254, 223 S.W.2d 945; Adams v. Antonio, Tex.Civ.App., 88 S.W.2d 503.

■ In his third point appellant claims that the trial court erred in finding that there was no conflict between the ordinance in question and any state statutes. He bases his position on the fact that Art. 480, Texas Penal Code, Vernon's Ann.P.C., prescribes a fine of a maximum of $100 for the *discharge* (emphasis ours) of cannon crackers (described as a combustible package more than two inches long and one inch through) or torpedo, gun or pistol in any town or city in the state, and asserts that the Statute is in conflict with the ordinance prescribing a fine of a maximum of $200 for one who shall keep, have, store, sell, offer for sale, give away, use, transport or manufacture any fireworks in the City of Dallas. It is immediately obvious that the purpose of the statute was to prohibit the discharge of the large cannon crackers in the manner stated, while the purpose of the ordinance was to prevent any possession, etc., of fireworks in the City of Dallas, with nothing said about the discharge of such. We do not find fatal conflict between the Statute and the Ordinance. The cannon crackers are nowhere described as fireworks in either law or ordinance. The Statute is found under the heading "Shooting in public places", while Art. 1068, R.C.S., is entitled "Fire Regulations" and Ordinance 4370 is called the "Fire Code" of the City of Dallas, all of which titles clearly indicate the

purpose behind the various enactments. We feel that the context is in agreement with the intention as expressed by the particular headings of the said enactments, and the Statute is aimed at one evil and the ordinance at another, and there is no substantial conflict so as to hinder the application of each in its own field. This point is overruled.

■ Appellant's fourth point is covered by the reasons given and action taken with reference to the first three points, and is therefore overruled.

Appellant's fifth point complains of the trial court's finding of fact number eight, which is as follows:

"I further find that the ordinance in question is a reasonable police regulation and is a necessary precaution for the control of fires and protection of property and lives."

The record shows that the fire chief Grady Burns and Capt. J. D. Cameron of the Police Records Department testified at length on the number of calls on the fire department, stating among other things that over the period from 1947–1952 they have answered fifty-seven calls where fire was caused by fireworks, that $37,259 damage was caused by said fires, that a fireman lost his life in a building where fireworks were stored, during a fire in said building, and that a great number of police calls were fireworks disturbances. Section 6 of Art. 1068 gives the city power "to regulate or prevent and prohibit the use of fireworks and firearms." Surely the city has the implied power necessary thereunder to carry out such right, and the ordinance in question seems aimed at accomplishing the purpose of said Article. Section 7 of the same Article gave the city the power to

"* * * direct, control or prohibit the keeping and management of houses or any buildings for the storing of gun powder and other combustible, explosive or dangerous materials within the city; to regulate the keeping and conveying of the same."

Surely fireworks must be considered as "explosive or dangerous materials." It cannot be overlooked either that appellant testified that he did not handle cannon crackers and paid no tax for same as provided by the Statute, and further that the ordinance in question carries the specific severalty provision that if any part of same is held unconstitutional the remainder shall remain in force and effect. This point is accordingly overruled.

■ Appellant's sixth and last point complains of the trial court's finding that fireworks and firecrackers are inherently dangerous to life, limb and property, on the grounds that there is not sufficient evidence for such finding. Certainly the evidence under point five from the fire and police departments supports such finding, furthermore it is common knowledge that fireworks and firecrackers have always been dangerous and required careful handling and to be kept away from small children. It is in the record that appellant was storing explosive fireworks of the class B and C type. Then too, courts have so held as in the oftcited Ex parte Clark case, supra, and the cases cited therein. Appellant has not argued that his products are nonexplosive, on the contrary his own witnesses testified to the use of powder in their manufacture. This point is also overruled, along with all of appellant's other points.

Finding no error, the decision of the trial court is affirmed.