

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 5, 1958

Hon. Robert S. Calvert          OPINION NO. WW-382
Comptroller of Public Accounts
Austin, Texas                   Re: Whether or not S.B. 143
                                R.S. 55th Leg., repeals
                                Article 7047 (38) V.A.C.S.
                                which levies an occupa-
                                tion tax on dealers in
                                Cannon Crackers and re-
Dear Mr. Calvert:               lated questions.

        Your request for an opinion reads, in part, as
follows:

        "Article 7047(38) Vernon's Civil Statutes
    levies an occupation tax on dealers in
    Cannon Crackers, etc.  The Fifty-fifth Leg-
    islature, Regular Session, passed Senate
    Bill 143 entitled 'Fireworks - Regulation
    and Offenses'.

        " . . .

        "Will you please let me have your opinion on
the following questions:

        "1. Does Senate Bill 143, R.S. 55th Legisla-
    ture repeal Article 7047(38) V.C.S.?

    "Article 7, Section 3 of the Constitution of the
    State of Texas reads in part as follows:

    "One-fourth of the revenue derived from the
    State occupation Taxes *** shall be set apart
    annually for the benefit of the public free
    schools;* * *

        "2. Is each of the fees levied by S.B. 143,
    Acts of the Regular Session, 55th Legislature
    an occupation tax within the meaning of
    Article 7, Sec. 3 of the Constitution of
    Texas, which requires one-fourth of the
    revenue to be credited to the available
    school fund?"

In answer to your question number one, Senate Bill 143, R.S. 55th Legislature does not repeal Article 7047(38) which levies an occupation tax on dealers in Cannon Crackers.

S. B. 143 is entitled "Fireworks - Regulation and Offenses."  The bill classifies certain types of fireworks, defines the classes of "persons, firms, corporations or associations" dealing in fireworks from the manufacturer through the retailer, both inclusive; provides for safety standards and under section 5 entitled "License Fees", defines the persons, firms, corporations or associations who must secure a license, the different types of licenses applicable and the cost of said licenses.  The bill further provides that the monies received from the above mentioned licenses shall be placed in a special fund in the State Treasury and used for the Administration of the Act as prescribed and, as stated in Section 12, on January 1st of each year the unused portion of said funds in said special account for the past fiscal year shall be paid over and become a part of the general fund.

S. B. 143 is a regulatory and licensing law passed under the police power of the state and the monies received from the licenses issued under the Act are license fees and not occupation taxes.  City of Ft. Worth v. Gulf Refining Co. 83 S.W. 2d 610, Texas Supreme Court; Cannon v. City of Dallas, 263 S.W. 2d 288 (C. A. Writ of error ref. N.R.E.); Sec. 27 Tex. Jur., p. 892 and cases cited therein.

Since the fees mentioned in your question number two are license fees and not occupation taxes, the revenue derived therefrom should be allocated as prescribed in Section 12 of S B. 143.

## S U M M A R Y

License fees collected under S.B. 143, Acts of the Regular Session 55th Legislature are not occupation taxes within

the meaning of Art. 7, Sec. 3 of the
Constitution of Texas and said law
does not repeal Article 7047(38)
V.A.C.S.

Yours very truly

WILL WILSON
Attorney General of Texas

By *John C Phillips*

JOHN C. PHILLIPS
Assistant Attorney General

JCP/fb
APPROVED:
OPINION COMMITTEE

George P. Blackburn, Chairman

J. C. Davis, Jr.

Wayland Rivers, Jr.

C. K. Richards

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. GEPPERT