SMITH, Chief Judge
(dissenting).
In dissenting I must briefly restate the procedural aspects of this case. Attached to the complaint was the verification of one of the relators, stating that the facts set forth in the complaint were true. Upon such a sworn complaint, the judge was empowered by Rule 3.19, Florida Rules of Civil) Procedure, 31 F.S.A.,[3] to grant instanter without notice the restraining order effective until the hearing or until further order of the court. In the temporary restraining order thus issued, the cause was set for further hearing on the second day following entry of the order. The record of this hearing discloses no motion by the defendant, nor the taking of any testimony, nor further proceedings of any kind before the court— except the reporter’s transcript of argument by counsel for the respective parties and citation, of authorities to the court. From' the said transcript, it appears that counsel' for the defendant argued that the licensing of the subject motion picture under § 521.02,. Florida Statutes, F.S.A., prohibited the re-lators from bringing this action. During the course of the argument, counsel for the defendant requested the court to fix an adequate bond. Thereupon, by consent of the parties, the court set the cause down for further hearing, set a date for the taking of testimony, and continued the temporary restraining order.
It is upon the foregoing record that the defendant-appellant presents to this Court the sole question as to whether or not the trial court erred in granting and continuing the temporary restraining order without requiring the plaintiffs to furnish a bond. Emphasizing the absence of a motion by the defendant to dismiss the complaint or dissolve the temporary restraining order, and the absence of any action by the defendant to controvert the alleged facts, I cannot conclude that the record clearly shows that the Chancellor abused his discretion. In my opinion, the most efficacious remedy was *567 that offered by the trial court and agreed to by the parties; that is, to hold a prompt hearing before the Chancellor where the matter could be fully explored and the facts •developed. Appellant’s efforts to short-•circuit such procedure by the more difficult .and time-consuming process of appeal should be rejected by this Court, and the order appealed should be affirmed. Such was the decision of the Supreme Court in Greater Miami Development Corp. v. Pender, 1940, 142 Fla. 390, 194 So. 867. This procedure would leave the granting and continuing of injunctions resting largely in the sound judicial discretion of our trial courts. Godwin v. Phifer, 1906, 51 Fla. 441, 41 So. .597; Thursby v. Stewart, 1931, 103 Fla. 990, 138 So. 742; Masser v. The London Operating Co., 1932, 106 Fla. 474, 145 So. 72, 79. It seems to me that this is the established practice in Florida. See Webb v. Gregory, Fla.App.1958, 105 So.2d 183; International Brotherhood, etc. v. Miami Retail Grocers, Fla.1954, 76 So.2d 491; and Strong v. Clay, Fla.1950, 47 So.2d 822. Moreover, the stat-utes and rules contemplate this procedure. .See §§ 64.13 and 64.05, Florida Statutes, F.S.A., and Rule 3.19, Florida Rules of Civil Procedure.
On the question of furnishing bond, § 823.05, Florida Statutes, F.S.A., permits the enjoining of places or persons maintaining a public nuisance; § 64.11, Florida Statutes, F.S.A., specifically permits any citizen of the county to maintain an action such as this in the name of the state upon the relation •of such citizen; and § 64.12, Florida Statutes, F.S.A., empowers the court to enter a temporary restraining order without bond -upon proper proof being made to the satisfaction of the court. The sworn complaint "herein alleges facts which have not been •controverted; these facts, if true, would "bring the exhibition of this motion picture -under the provisions of the foregoing statutes. On the record here, these facts must "be presumed to be true. Thus, as stated in •appellant’s brief, the question before this Court is simply “whether private citizens may, in a proceeding [brought in the name of the state] to abate an alleged public nuisance, be accorded the drastic relief of a temporary restraining order without being required to furnish an injunction bond.”
It is my opinion that the foregoing statutes answer this question in the affirmative. The appellant relies upon the decisions in Metropolitan Dade County v. Polk Pools, Inc., Fla.App.1960, 124 So.2d 737; Belle’s Department Store, Miami, Inc. v. Scherman, Fla.App.1960, 117 So.2d 845; Merryman v. Southern Tours, Inc., 1935, 120 Fla. 440, 162 So. 897; Dixie Music Co. v. Pike, 1938, 135 Fla. 671, 185 So. 441; and Lewis v. Lewis, Fla.1953, 66 So.2d 260. However, these cases did not involve the enjoining of alleged public nuisances under the provisions of §§ 64.11 and 64-12, Florida Statutes, F.S.A., and they are therefore not controlling.
Not only does the trial court have authority to issue an injunction without bond under the provisions of §§ 64.11 and 64.12, but § 64.021, Florida Statutes, F.S.A., provides that when an injunction is issued upon complaint of the state or any officer, agency or political subdivision thereof, the court may in its discretion, having due regard to the public interest, require or dispense with the requirements of a bond. In Sunshine State News Company v. State, Fla.App.1960, 121 So.2d 705, the Third District Court of Appeal sustained the issuance of an injunction without bond upon the application of the state attorney. The court relied specifically upon the statutory authority, § 64.021, supra, and noted that the appellant had failed to demonstrate that the Chancellor’s refusal to require a bond was an abuse of discretion. In providing for the abatement of public nuisances, the Legislature has conferred upon private citizens, such as the appellees here, the authority to institute an action to enjoin such nuisances and to act in the name of the state. In such a suit, the statutes, supra, permit the court to grant a temporary injunction without bond. In upholding the right of a'private citizen to maintain such an action, the Supreme Court, in The Merry-Go-Round, Inc. v. State ex rel. Jones, *568 1939, 136 Fla. 278, 281, 186 So. 538, 539-540, stated:
“It would be a sad commentary on our system of jurisprudence to now hold that nuisances affecting the health, morals, welfare and manners of a community could not be suppressed at the instance of a private citizen when that very thing has been done under the common law for more than three hundred years and is approved by practically every State in the union. The State is a party to such proceedings, and they are recognized as being employed for a very wholesome purpose. They are conducted under different procedure from a criminal prosecution, are directed to the place rather than the perpetrator of the act, and are not conclusive as to individual guilt.”
Although the Merry-Go-Round decision was limited to the right of a citizen to proceed in the name of the state and did not involve the propriety of granting a temporary injunction without bond, the rationale is applicable here. This conclusion is further fortified by the fact that the Supreme Court has held that §§ 64.11 and 64.12, supra, confer upon a private citizen the right to bring such a suit in the name of the state and that such a suit is in effect one instituted in behalf of the public and in which the public is the real complainant, to the same extent as though the suit were brought by the attorney general or public prosecutor. Pompano Horse Club, Inc. v. State ex rel. Bryan, 1927, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51; Kathleen Citrus Land Co. v. City of Lake-land, 1936, 124 Fla. 659, 169 So. 356; and National Container Corp. v. State ex rel. Stockton, 1939, 138 Fla. 32, 189 So. 4, 122 A. L.R. 1000.
The sworn complaint in the case at bar alleged sufficient facts upon which the Chancellor could, in the exercise of his discretion, issue the restraining order without bond,, and there is nothing in the record before us. to show any abuse of that discretion. In Sax Enterprises, Inc. v. Hotel Employees. Union Local No. 255, Fla.1955, 80 So.2d 602,, the Supreme Court reversed an order denying a temporary injunction where it found that the sworn complaint stated a cause of action and was not challenged by motion to. dismiss, answer, or affidavit denying the facts relied upon. I find the procedural situation in the case at bar to be similar to and controlled by the rationale of that decision.
I must further note that the affidavit filed in this Court on behalf of the defendant-appellant was not filed in the trial court. The filing of the affidavit in this Court was contrary to Rule 4.2, subd. (d), Florida Appellate Rules, 31 F.S.A.; accordingly, I am of the view that said affidavit should have-been either stricken or completely disregarded in arriving at a decision.
It is my view that, in order to reverse the Chancellor on the record before us, this-Court must determine that it is plainly ap-. parent that the complaint is without equity; this the appellant does not even contend, and only one of the majority so finds. Hall v. Horne, 1906, 52 Fla. 510, 42 So. 383; Builders Supply Co. v. Acton, 1908, 56 Fla. 756, 47 So. 822; Godwin v. Phifer, 1906, 51 Fla. 441, 41 So. 597; B. L. E. Realty Corp. v. Mary Williams Co., Inc., 1931, 101 Fla. 254, 134 So. 47. Even if it could be said that the injunction should not have issued without bond, this would not require reversal of the order granting the injunction; the Court should merely direct that a bond be given (e. g., International Brotherhood, etc. v. Miami Retail Grocers, Fla.1954, 76 So.2d 491), unless it appears irrespective of the absence of a bond that the injunction should not have been granted (e. g., Fuller v. Cason, 1890, 26 Fla. 476, 7 So. 870).

. The cited rule provides, in part, as follows :
“In all eases of application for injunction, the judge * * *, before granting the same, shall be satisfied that sufficient notice of the application has been given to the party sought to be enjoined * * *, and no order for such injunction shall be granted without such notice, unless it is manifest to such judge, from the sworn allegations in the complaint or the affidavit of the plaintiff or other competent person, that the injury apprehended will he done if an immediately remedy is not afforded, whereupon he may grant instanter an- order restraining the party complained of until the hearing or the further order of the court