STATE, *ex rel.* A. B. DOOLEY and W. L. DICKSON, v. D. C. COLEMAN, Sheriff of Dade County.

170 So. 722.

En Banc.

Opinion Filed November 18, 1936.

*Shutts & Bowen, L. S. Julian,* for Relators;

*Cary D. Landis,* Attorney General, and *G. A. Worley,* State Attorney, for Respondent.

ELLIS, P. J.—A. B. Dooley and W. L. Dickson obtained a writ of habeas corpus from one of the Justices of this Court returnable before this Court, and seek their discharge from alleged illegal custody by the Sheriff of Dade County, who in his return to the writ avers that he holds the petitioners under and by virtue of two capiases issued out of the Criminal Court of Record of Dade County upon an information filed in that Court in March, 1936, charging the petitioners with aiding certain persons in the unlawful having, keeping, exercising and maintaining a certain gaming room and house known as Seminole Lodge in Dade County, at which place betting on horse racing conducted at distant points was carried on and practiced by various and divers persons.

The information alleges that the aid rendered by the petitioners was the installation of telephone service by means of which communication over the telephone was arranged between the operators of the gaming house and other persons at different points. It is also alleged in the information that the petitioners knew when they installed the telephone service that the operators and keepers of the gaming place or house were engaged in the occupation described.

The information charged certain named persons with the violation of Section 7657 C. G. L., which renounces the offense of having, keeping, exercising or maintaining a gaming table or room, or having implements or appratus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling, or having exclusively, or with others, such a place at which play may be carried on for

money at any game whatsoever, whether heretofore prohibited or not.

The question presented is whether the petitioners, in installing the telephone apparatus and service with the knowledge that it was to be used by the persons charged with maintaining the gaming house for such purpose committed the offense of aiding or abetting such crime or rendered themselves accessories before the fact.

Section 7110 C. G. L. 1927, provides that: "Whoever aids in the commission of a felony, or is accessory thereto, before the fact, by counseling, hiring, or otherwise procuring such felony to be committed, shall be punished in the same manner prescribed for the punishment of the principal felon."

The petitioners are not charged with keeping or maintaining a gaming house or indirectly or with others doing so, therefore the offense, if any, with which they are charged is a violation of Section 7110, C. G. L., *supra*.

Telephone service is a public utility facilitating the transmission of communications from one person to another at distant points and it may be reasonably said that such service is frequently used for the communication of information and the transmission of messages in relation to every phase of human activities, including moral and immoral, religious and irreligious, legal and illegal transactions, and it may be said as a matter of general knowledge that whenever a telephone service is established it becomes potentially an aid to the consummation of any plan, scheme or device which the user thereof may have in mind at any time.

It is not the service which is thus placed at the disposal of the subscriber but the use which he makes of the service which constitutes the crime. The subscriber simply has at his hands a device or instrument which he may use in

the transmission of messages or information which may be used by the receiver for unlawful purposes.

It is no violation of the criminal code that information may be transmitted by means of the telephone concerning the results of a horse race or the results of any other trial of skill or endurance on the part of man or beast, but it is the use which persons make of that information which constitutes the violation of law. See Commonwealth v. Western Union Tel. Co., 112 Ky. 355, 67 S. W. Rep. 59.

The information in this case merely charges the petitioners with supplying information which others may use or may not use for unlawful purposes. They are in nowise charged with participation in the management or operation of the gaming place directly, or indirectly with others, but in the last analysis the information merely charges that the petitioners have placed in the hands of certain persons the means of communicating information to others at distant points, which information such other persons may use for the purpose of gaming.

Section 7110, C. G. L 1927, *supra,* has no relation to the acts which it is alleged the petitioners committed, and as it does not charge them with participating in the management or control of the gaming house it charges no offense under the laws of the State.

It is, therefore, ordered that the petitioners be discharged.

So ordered.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.

BUFORD, J., dissents.

WHITFIELD, C. J. (concurring).—One who aids in the commission of a felony is a principal in the second degree and must be actually or constructively present at the com-

mission of the crime; and such presence must be alleged in the indictment or information.

It is alleged that petitioners aided in the commission of a felony by furnishing telephone facilities knowing they would be used in the unlawful operation of a place for gambling.

The information does not allege the presence of the alleged aiders or their participation in the commission of the felony; nor is it alleged that such alleged aiders by conspiracy or because of interest in the maintenance or conduct of the place used for gambling purposes, intended to furnish the telephone facilities so as to aid in maintaining the place for gambling.

The statutes of the State do not make it unlawful to furnish telephone facilities to those engaged in maintaining a gambling house; and the furnishing of telephone facilities with more knowledge that they will be used for gambling purposes, is not aiding in maintaining a gambling house within the existing statutes.

TERRELL, BROWN and DAVIS, J. J., concur.

BUFORD, J. (dissenting).—This is an original habeas corpus proceeding.

It is contended that the information under which petitioners are held charges no offense under the laws of the State of Florida. These petitioners are charged in the information of the offense of aiding in the commission of a felony as denounced by Section 5008, R. G. S., 7110 C. G. L. The charging part of the information is in the following language:

"That Izzy Glick, Bob Murray, Billie Lewis and T. W. Hallahan of the County of Dade and State of Florida, on the 28th day of February, in the year of our Lord; one thousand nine hundred and thirty-six in the county and State

aforesaid, did then and there unlawfully have, keep, exercise and maintain a certain gaming room and house, namely: that certain building known as Seminole Lodge, located on Hialeah Avenue in Hialeah, Dade County, Florida, near the bridge, a further and more particular description of which said room, house and building is to the County Solicitor unknown, for the purpose of gaming and gambling, and in said place of which he, the said Izzy Glick, Bob Murray, Billie Lewis and T. W. Hallahan did then and there have charge, management and control, did then and there suffer and permit various and divers persons whose names are to the County Solicitor unknown, to play for money by wagering on horse races run at distant points, a further and more particular description of such horse races being to the County Solicitor unknown, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

"And the said A. B. Dooley and W. L. Dickson did then and there aid in the commission of the felony aforesaid, in the manner and form aforesaid, by furnishing, giving and renting unto the said Izzy Glick, Bob Murray, Billie Lewis and T. W. Hallahan certain implements and devices, to-wit: telephones, telephone wires and equipment which were then and there installed in said building, a further and more particular description of said telephones, telephone wires and equipment being to the County Solicitor unknown, and certain service and assistance, to-wit: telephone service and connections between the telephones so installed in said buildings and telephones installed at other points, and locations of which are to the County Solicitor unknown, whereby information as to the entries and results of horse races conducted at distant points was transmitted over said telephone wires into the telephones installed in said building,

and by means of said telephones received by said Izzy Glick, Bob Murray, Billie Lewis and T. W. Hallahan, in order to enable the said Izzy Glick, Bob Murray, Billie Lewis and T. W. Hallahan to operate said building, house and room as a gambling house, the said A. B. Dooley and W. L. Dickson then and there well knowing that the said Izzy Glick, Bob Murray, Billie Lewis and T. W. Hallahan were operating said building as a gambling house in violation of the law, and were using and intending to use said equipment to aid them in the unawful operation thereof as aforesaid."

Section 5499 R. G. S., 7657 C. G. L., provides as follows:.

"Whoever, by himself, his servant, clerk or agent, or in any other manner, has, keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter, or other place for the purpose of gaming or gambling or in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be punished by imprisonment in the State prison not exceeding three years or by fine not exceeding five thousand dollars."

Section 5008 R. G. S., 7110 C. G. L., provides as follows:

"Whoever aids in the commission of a felony, or is accessory thereto, before the fact, by counseling, hiring or otherwise procuring such felony to be committed, shall be punished in the same manner prescribed for the pnnishment of the principal felon."

The information sufficiently charges these petitioners with having violated the provisions of the latter section by aiding certain others in the violation of the former section. They are not charged with the violation of the former

section. Therefore, whether or not they were present at the place where and at the time when the offense was committed is immaterial and it is also immaterial that there is no charge in the information that these petitioners did keep, exercise or maintain any gambling device, or that it did not charge that they or either of them, did directly or indirectly, have charge, control or management of the place where such devices were had and kept.

We agree entirely with the contention of the petitioners that common carriers are not the censors of public or private morals; that they cannot regulate the private or public morals, nor can they regulate the public or private conduct of those who ask service at their hands. We also agree that persons engaged in the business of furnishing telephone equipment and service are common carriers of information and intelligence. It is not the duty of those in charge of and conducting the business of persons or corporations engaged in transmitting communications by telephone or telegraph to inquire into and to learn the business in which their customers and patrons are engaged, but they cannot knowingly aid and assist another in the commission of a crime and avoid punishment upon the ground that they are engaged in the business of common carriers.

The information charges, "that the said A. B. Dooley and W. L. Dickson then and there well knowing that the said Izzy Glick, Bob Murray, Billie Lewis and T. W. Hallahan were operating said buildings as a gambling house in violation of the law and were using and intending to use said equipment to aid them in the unlawful operation thereof as aforesaid."

"An accessory before the fact is one who though absent at the commission of a felony, procures, counsels or commands another to commit said felony subsequently perpe-

trated in consequence of such procuring, counseling or commanding." Wharton Criminal Law, Vol. 1, 12th Ed., para. 263.

The advice or encouragement which will render one an accessory before the fact may be by acts or words, but it must, to create guilt, be used with the intent to encourage and abet the crime. The amount of advice or encouragement rendered is not material if it had effect in inducing the commission of the crime." 1 R. C. L. 147, para. 27.

But where the charge is such as is made in the presently considered information the limitations affecting a charge of the offense of being accessory to a felony do not apply. Here the charge is not that the accused counseled, advised or procured the principals the felony to commit, but that they knowingly *aided* in the commission of the alleged felony. This they may have done whether being present or absent. Their presence may have been either actual or constructive. Neuman v. State, 116 Fla. 99, 156 So. 237.

One who loans another a gun, knowing that the other intends to kill and murder a certain individual with the gun, is an accessory before the fact to the murder, if committed, or he might properly be charged under our statute above quoted with the offense of aiding another in the commission of a felony. The guilt does not flow necessarily from the loaning of the gun. If the gun had been loaned for shooting game and without any knowledge on the part of the owner that it was intended to be used for the unlawful purpose of committing murder, the loaning of the gun would constitute no criminal offense.

So, if "A" is operating a telephone system and leases to and installs for "B" a telephone, assuming that it is to be used for lawful purposes (and he would have the right to so assume) "A" commits no crime. But if "B" leases

from "A" and procures the telephone to be used in a certain building with the intent to use the telephone for the purpose of advising "C" when his enemy "D" will pass his place of concealment, so that "C" may shoot and kill "D," and "A" is cognizant at the time of leasing and installing the telephone that 'B" is having the telephone installed for that unlawful purpose, "A" will necessarily be an accessory to the crime of murder, when and if it is committed and the commission of the murder is aided by the use of the telephone, or he may, with equal propriety, be convicted of aiding another in the commission of a felony, though not present and acting as a principal in the first or second degree. And so also, as in this case, if it be true as alleged, that Glick, Murray, Lewis and Hallahan were operating a gambling house and in the operation of the gambling house and as a part of the gambling equipment they were using a telephone furnished by Dooley and Dickson, and Dooley and Dickson well knew that the telephone was being furnished to Glick, Murray, Lewis and Hallahan ·as a part of their equipment used in the operation of the gambling house and devices, then Dooley and Dickson violated the statute which condemns, "Whoever aids in the commission of a felony," etc.

There is nothing in the information to show that Dooley and Dickson, the petitioners, were engaged in the operation of a public telephone service, although the briefs for the respective parties indicate that such is true.

The sole question before us is whether or not the information as drawn and presented charges a criminal offense against Dooley and Dickson. Therefore, what evidence may be necessary to prove the allegations is not for our determination at this time. It is also apparent that we are now

required to determine what may be interposed as a valid defense to this information.

The information sufficiently charges an offense against the laws of the State of Florida and, therefore, the petitioners should be remanded to the custody of the Respondent. Lehman v. Sawyer, 106 Fla. 396, 143 Sou. 310.