WALTER M. HAGERTY v. D. C. COLEMAN, as Sheriff of Dade County, *et al.*

182 So. 776.
Opinion Filed July 8, 1938.

*Pine & Giblin, Vincent C. Giblin* and *H. H. Wells,* for Appellant;

*George A. Worley, State Attorney,* for Appellees.

TERRELL, J.—The Appellant, as complainant, filed his bill of complaint in the Circuit Court of Dade County alleging that he had leased the second floor of a certain building in Miami, Florida, in which he had installed various and sundry telephones, telephone equipment, head phones, loud speakers, and other paraphernalia and was engaged in the business of receiving information concerning various sporting events over long distance telephone from all parts of the world particularly horse racing from points in the United States and Canada, which he distributes to his customers over telephone line for compensation.

The bill also alleges that on January 12, 1937, the Appellee, as sheriff of Dade County, and his deputies entered Appellant's place of business and seized his telephone equipment, that he had at considerable expense caused the Southern Bell Telephone and Telegraph Company to install other telephone equipment to replace that seized by Appellee and that he is now ready to resume business but fears to do so because of threats by the Sheriff and his deputies to seize any and all telephone equipment found in his place of business.

The bill of complaint prayed for a temporary restraining order to prevent the threatened seizure and removal of the newly installed telephone equipment and for permanent injunction on final hearing. Appellee answered the bill of complaint wherein he incorporated a motion to dismiss. The answer admitted the material allegations of the bill but alleged that Appellant's place of business was entered by virtue of a search warrant procured by him, that Appellant's main business was that of procuring and transmitting horse racing information by telephone to persons called "bookies" or "bookmakers" who operated rooms in Miami where bets were made and paid on the result of

horse races conducted at the racing tracks in Dade County, that being so used, it is alleged that said telephone equipment was employed in the commission of a felony, that is to say, the operation of gambling houses. The chancellor took testimony on hearing the application for temporary restraining order. He denied said order and dismissed the bill of complaint. Such is the decree appealed from.

Counsel are in disagreement as to the question presented. For the sake of a tether to restrict treatment, we state it as follows: Should a court of equity on the facts stated restrain the Sheriff of Dade County from searching the place of business of Appellant and seizing his telephone equipment on the theory that the manner of its use amounts to the commission of a felony, to-wit, the conduct of gambling houses?

Appellant contends that this question should be answered in the affirmative and to support this contention, he relies on State, ex rel. Dooley, et al., v. Coleman, 126 Fla. 203, 170 So. 722, wherein we held that an information charging that the accused aided in the commission of a felony by furnishing telephone facilities to a subscriber knowing they would be used in the unlawful operation of a place for gaming did not charge an offense against the State.

The case last cited was one in which Dooley obtained a discharge by habeas corpus from a criminal prosecution in which he was informed against for installing and furnishing telephone service to the operator of a gambling house, while here, we have an attempt to seize the telephone equipment of Appellant because he is engaged in the same business that Dooley was prosecuted for. Appellee contends in other words that the decree of the Chancellor should be affirmed on the theory that the evidence shows that Appellant had no customers for his service except "bookies" and that the telephone information furnished them was used

in the commission of a felony and that a court of equity should not aid in the commission of a felony.

The answer to this contention is that while the evidence shows conclusively that Appellant is engaged in the business of furnishing telephone service to "bookies," it also shows that he is not interested in the bookies or their business, that the statutes of Florida do not make it unlawful to furnish telephone facilities to those engaged in maintaining a gambling house nor will the furnishing of telephone facilities with the knowledge that such facilities will be used for gambling purposes be construed as aiding in the maintenance of a gambling house by a third party who had no connection with the contract for the facilities.

In State v. Coleman, *supra*, we also held that it was the use which patrons of a telephone company made of the service rather than the act of furnishing it that constituted a crime if one was committed and that it was not a violation of the criminal law to furnish information transmitted by telephone concerning the results of horse races or any other trial of skill or endurance. In the case at bar, the appellant does not use the information he collects for any purpose, he merely secures it and sells it to his subscribers for an agreed compensation.

If Appellant had been indicted for committing a felony or for operating a gambling house and had been convicted, there might have been reason shown for seizing his telephone equipment as gambling paraphernalia but here he has not been indicted for an offense and he is in the conduct of a business that has not been condemned by law. If there is an offender, it would seem to be the "bookies" or the "bookmakers" and it is not shown that they have been indicted. If the act complained of was a violation of the criminal law, it would not be enjoined. In the early day of organized English society, courts of equity some-

times restrained the commission of criminal acts in cases where other tribunals were too weak to protect the helpless against the power of the nobles, but since the common law courts assumed jurisdiction in such matters, the rule has been generally recognized that courts of equity will not restrain the commission of criminal acts nor will they exercise their power to enforce the criminal laws. We of course recognize some qualifications to this rule but they are not pertinent here and are not discussed.

Appellee entirely mistook his remedy. If a felony had been committed, he should have indicted the felon. It is not shown here that they have been indicted or informed against. It is true that property employed as the means of committing a felony may be seized under a search warrant and confiscated but the telephone instruments seized in this case were only remotely connected with the alleged felony, could only have been evidentiary and there is no theory under which they should have been seized.

From this, it follows that the judgment below must be and is hereby reversed.

Reversed.

ELLIS, C. J., and WHITFIELD, and BROWN, J. J., concur.

BUFORD and CHAPMAN, J. J., dissent.