WALTER M. HAGERTY, Petitioner, v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, INC., Respondents.

199 So. 570

En Banc

Opinion Filed October 25, 1940

Rehearing Denied November 12, 1940

George M. Powell and Vincent C. Giblin, for Petitioner;

*Scott M. Loftin, Harold B. Wahl, E. D. Smith* and *E. W. Smith* (of Atlanta, Georgia) and *Loftin, Calkins & Scott,* for Respondent;

*George Couper Gibbs,* Attorney General, *H. E. Carter,* Assistant Attorney General, and *Wm. A. Paisley,* Assistant U. S. District Attorney for the Southern District of Florida, as *Amici Curiae.*

PER CURIAM.—On petition of Walter H. Hagerty, alternative writ of mandamus was directed to Southern Bell Telephone & Telegraph Company commanding it to furnish petitioner certain telephone service or show cause why it refuses to do so. On final hearing, a motion to quash the alternative writ was granted, the court holding that Hagerty could not enforce the service. Writ of error to the latter judgment was prosecuted to this Court but was later dismissed.

The Attorney General of the United States forthwith advised the Telephone Company that Hagerty was using its facilities to promote lottery schemes in Florida and elsewhere and demanded that the service be discontinued on pain of being held to account for aiding and conspiring in the violation of the Federal anti-lottery laws.

The Attorney General of Florida also advised the Telephone Company that Hagerty was using its telephone facilities to aid in the maintenance of gambling houses or in the promotion of gambling by aiding in booking unlawful wagers on horse races contrary to the laws of Florida and requested that the service be discontinued.

In response to these demands, the Telephone Company notified Hagerty that it would discontinue the service. Hagerty filed his bill in equity and secured a temporary restraining order directed to the defendant Telephone Company prohibiting it from discontinuing the service.

The Telephone Company filed its answer interposing as a defense its right to discontinue the service because of the alleged violation of State and Federal Laws including the demand made on it by the State and Federal prosecuting officers. The order granting the motion to quash the alternative writ of mandamus was interposed as *res judicata* of the instant suit. The Telephone Company propounded interrogatories to Hagerty as to the nature of his business' which he refused to answer but moved to strike the answer of the Telephone Company. The trial court upheld the answer of the Telephone Company but ordered Hagerty to answer the interrogatories as to the nature of his business. These decrees are here for review by certiorari.

The parties are not in agreement as to the issues presented by the pleadings or as to the questions they press for the consideration. Petitioner contends that the main question presented is whether or not it is a violation of the Criminal Code to engage in the business of receiving long-distance telephone service concerning horse races and other sporting events and sell that information to others even though it is known that the latter are engaged in the operation of places where illegal wagers on the result of horse races are made and such information may be used to facilitate said gambling transactions. Petitioner says that this question should be answered in the negative and relies on State *ex rel.* Dooley v. Coleman, 126 Fla. 203, 170 So. 722; and Hagerty v. Coleman, 133 Fla. 363, 182 So. 776, to support his contention.

The sole question in the Dooley case was whether or not Dooley was guilty of violating Section 7110, Compiled General Laws of 1927, providing for the punishment of one engaged in the commission of a felony either as principal or accessory. In the Hagerty case, the question involved was the power of the sheriff to seize telephone equipment

on the theory that it was used in the conduct of a gambling house which was denounced as a felony. Both questions were answered in the negative but they were not bound up with any other provisions of the criminal law as is the case here. In the Dooley case, we were confronted with the sufficiency of an indictment to charge an offense under the criminal law, while in the Hagerty case an attempt was being made to seize newly installed telephone equipment on the theory that the manner of its use was a felony.

The real question in the case at bar is whether or not equity will compel respondent to furnish petitioner telephone service in the face of a threat from both State and Federal authorities that it will be prosecuted therefor because the service is being used by its purchaser in violation of the law in the manner detailed in the answer of the telephone company in the injunction proceeding.

This question presents a very different phase of the situation from that presented in the Dooley and Hagerty cases. Here we are concerned with the power of a court of equity to relieve a public service corporation from furnishing a service in the face of a threat of prosecution. In the latter cases, we were confronted with the power of a Sheriff to seize and the sufficiency of an indictment to charge an offense against the criminal law. The law is well settled that the aid of a court of equity to prevent the discontinuance of telephone service which is being used to facilitate book making in violation of the law or in the promotion of any other gambling scheme or device will not be enforced. Simon Partnoy, *et al.,* v. Western Union Telegraph Company, decided by United States District Court, Western District of Missouri, June 17, 1940. Hamilton v. Western Union Telegraph Company, Eastern Division of Ohio, decided May 9, 1940; People *ex rel.* Restmeyer v. New York Telephone Company, 159 N. Y. S. 369; Smith

v. Western Union Telegraph Company, 84 Ky. 664, 2 S. W. 483; Yarbrough v. Southern Bell T. and T. Co., decided by United States District Court, Southern District of Florida, July 23, 1940; Tracy and Boisch v. Southern Bell T. and T. Co., decided June 14, 1940, by United States District Court, Southern District of Florida.

The petitioner also brings up for review an order of the trial court requiring him to answer certain interrogatories bearing on the nature of his business.

One cannot come into a court of equity seeking relief and then refuse to answer questions pertaining to the matter about which relief is sought. Equity in other words is not a place to conceal but one for full disclosure as to the matter in litigation. If a litigant refuses to answer, he forfeits his right to ask for relief in equity. Aside from this, the information sought to be elicited is within the terms of and may be required under Section 8311, Compiled General Laws of 1927.

We therefore hold that the answer of the Telephone Company presents a good and legal defense to the bill of complaint and having reached that conclusion, it follows that the petition for certiorari must be and is hereby denied.

It is so ordered.

TERRELL, C. J., WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., concurs in conclusion.