## PHILCO CORPORATION et al. v. AMERICAN TELEPHONE & TELEGRAPH CO.
### Civil Action No. 8881.

United States District Court
E. D. Pennsylvania.

Sept. 27, 1948.

Ballard, Spahr, Andrews & Ingersoll, of Philadelphia, Pa., for plaintiffs.

J. B. H. Carter and Benjamin O. Frick, both of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The tariff filed by the Telephone Company with the Commission contains a regulation which, as applicable to this case, permits N. B. C. to connect at its New York studio the channels of the Telephone Company with its own channels or those of others, "provided such interconnection will not result in the connection, either directly or indirectly, of the interexchange channels of the Telephone Company with interexchange channels of others." Philco owns and operates a television station in Philadelphia and also its own private relay link between Philadelphia and N. B. C.'s New York studio. A. T. & T. operates long line facilities for television transmission from Boston to Richmond, through New York, Philadelphia, Baltimore and Washington. N. B. C. by contract with the Telephone Company connects with this line at New York and employs it for part of its network telecasting. Philco's relay is an interexchange channel, and if N. B. C. uses its connection with the Telephone Company's long line facilities in order to telecast programs received from Philco's Philadelphia station, it will be making a connection of the kind excluded by the proviso and not authorized by the regulation.

The Telephone Company has notified Philco and N. B. C. that it will not accept programs from N. B. C. at New York for transmission over its facilities if such programs come from or are intended to go to Philco's television station in Philadelphia, over the Philco relay.

The complaint asks for an injunction in effect restraining the Telephone Company from refusing to accept such programs. The primary question is as to the jurisdiction of the Court to grant the relief.

It is well settled that, in cases where the action sought to be enjoined is in conformity with some provision of an established tariff, all questions of the fairness or reasonableness of that provision must be addressed in the first instance to the Commission. "The supervisory power of the Commission is not limited to rates and to services, but the formula oft repeated in the (Communica-

tions) Act to describe the Commission's range of power over the regulated companies is 'charges, practices, classifications, and regulations for and in connection with such communication service'." Ambassador, Inc., v. United States, 325 U.S. 317, 323, 65 S.Ct. 1151, 1154, 89 L.Ed. 1637.

■ It is not contended that the Telephone Company is violating the regulation here in question; but under some circumstances the courts may have jurisdiction to restrain acts by utilities purporting to conform with, and even required by, such regulations. Such cases arise when the regulation is illegal; but in order to sustain jurisdiction there must be some vice in the regulation other than unfairness, unreasonableness or discrimination.

■ One kind of illegality appears where the regulation is plainly beyond the statutory authority of the utility to adopt and of the commission to approve, for example, where, under the guise of regulating service, the utility undertakes to regulate the business of the subscriber, customer or of third parties. See Ambassador, Inc., v. United States, supra. Unquestionably the regulation here complained of affects Philco's business, but in the case of any utility, there are limitrophe areas in which some interference with the business of others is unavoidable in the nature of things, and what is involved in such cases is the extent of the encroachment allowable—hence, the reasonableness or unreasonableness of the practice. I think the present case falls in such an area.

Another example of illegality which will give the courts jurisdiction is where the regulation has been adopted to serve a purpose having nothing to do with the utility's business or services. Such a case was Louisville & Nashville Railroad Co. v. F. W. Cook Brewing Co., 223 U.S. 70, 32 S.Ct. 189, 56 L.Ed. 355, where the sole basis for the refusal of the railroad to accept shipments of liquor into certain localities was an unconstitutional statute of the state making such shipments illegal.

■ Of course, if a regulation is a clear violation of some statute of the United States, that could also be grounds for court intervention; but the complaint in the present case does not allege violation of the Sherman, 15 U.S.C.A. §§ 1–7, 15 note, or Clayton, 38 Stat. 730, Acts and the suggestion that the Telephone Company's notice effects some restraint upon commerce is one which could be made in the case of almost any regulated utility. It is also averred that Sec. 201 of the Federal Communications Act, 47 U.S.C.A. § 201, is violated, but that mere allegation does not advance the inquiry whether the regulation is illegal because unreasonable or for some other reason. Refusal to furnish service, on the basis of an unreasonable regulation, is, of course, a violation of the Act, but does not justify court intervention.

Paraphrasing what the Supreme Court said in United States Nav. Co. v. Cunard S. S. Co., 284 U.S. 474, 485, 52 S.Ct. 247, 76 L.Ed. 408, whether these regulations should be held to be beyond the statutory power of the Telephone Company to adopt may depend upon a consideration of economic relations, of facts peculiar to the business or its history, of competitive conditions and other relevant circumstances generally unfamiliar to a judicial tribunal, but well understood by an administrative body especially trained and experienced in the intricate and technical facts and usages in the television communications filed. Approaching the question from this point of view, it seems clear that the regulation is within the statutory power of the Telephone Company to adopt and a phase of the business of the Telephone Company as a carrier, over which the Commission and not the Court has jurisdiction.

■ I accept without reservation the plaintiff's view that the question here presented is whether a telephone company can base a refusal to accept television programs for transmission solely upon the origin or destination of such programs, but I do not agree with its assertion that whether or not such a program travels over a private communications system can have no effect upon the carrier service asked of the Telephone Company or the cost of rendering such service. Under the ci-

cumstances of this case, that calls for the determination of a question of fact by the Commission; and it might be noted, in passing, that the Commission is presently concerned with that question in a proceeding in which it is investigating, among other things, the reasonableness of the restriction imposed by this particular regulation and in which proceeding Philco has intervened.

My conclusion is that the Court is without jurisdiction to issue the preliminary injunction asked for and the motion is therefore denied.