## McBRIDE v. WESTERN UNION TEL. CO.
### No. 11969.

United States Court of Appeals
Ninth Circuit.

Dec. 1, 1948.

As Amended on Denial of Rehearing
Jan. 5, 1949.

See, also, 78 F.Supp. 446.

Charles H. Carr, of Los Angeles, Cal., for appellant.

**2**

Lawler, Felix & Hall, of Los Angeles, Cal., for appellee.

Everett C. McKeage, of San Francisco, Cal. (Roderick B. Cassidy, Hal F. Wiggins, Boris H. Lakusta and J. Thomason Phelps, all of San Francisco, Cal., of counsel), for People of State of California and Public Utilities Commission of State of California, amici curiæ.

Before DENMAN, Chief Judge, and HEALY and ORR, Circuit Judges.

DENMAN, Chief Judge.

McBride appeals from a judgment of the distrct court in a case in which McBride seeks to "compel the restoration to him" by the Telegraph Company of the telegraph wire service to transmit race track news between cities in eastern states and California cities and the use of Morse telegraph instruments, called drops, in the latter cities, which telegraphically receive such news. The complaint alleges these services had been theretofore supplied McBride but had been discontinued by the Telegraph Company, and that he cannot transmit such news "over interstate Morse wire facilities unless Defendant is compelled or required by order of this Court to continue to supply Plaintiff with such facilities."

The court (a) held that it had no jurisdiction of the person of McBride; and

(b) Though so determining the court's absence of jurisdiction, found on the evidence that the telegraph company was justified in not renewing the service and held that McBride is "not entitled to mandatory or any order that said leased facilities and services be restored" and ordered that a temporary restraining order be vacated and that McBride's "request for a preliminary injunction be and the same is hereby denied."

We are of the opinion that the court erred in holding that it had no jurisdiction over the person of McBride, but should be sustained on the evidence adduced in its holding that McBride is not entitled to a mandatory or any order that the telegraphic facilities and services restored, and in its order that preliminary injunction be denied.

A. *Jurisdiction in personam.*

McBride claims he is entitled to maintain his action under 47 U.S.C. § 406, 47 U.S.C.A. § 406, providing:

"The district courts of the United States shall have jurisdiction upon the relation of any person alleging any violation, by a carrier subject to this chapter, of any of the provisions of this chapter which prevent the relator from receiving service in interstate or foreign communication by wire or radio, or in interstate or foreign transmission of energy by radio, from said carrier at the same charges, or upon terms or conditions as favorable as those given by said carrier for like communication or transmission under similar conditions to any other person, to issue a writ or writs of mandamus against said carrier commanding such carrier to furnish facilities for such communication or transmission to the party applying for the writ".

The district court held that the action, in effect for a writ of mandamus, should have been brought by someone other than McBride, apparently the Attorney General, for him as "relator."

Federal Rules of Civil Procedure, Rule 81(b), 28 U.S.C.A., has abolished writs of mandamus and substituted a motion or complaint. We think that, assuming that when Sec. 406 was passed the "relator" should have entitled his action as U. S. ex rel., etc., or the Attorney General ex rel., etc., Rule 81(b) now has substituted the simpler process and made unnecessary the mere formality of pleading in the relator form.

B. *The telegraph company is justified in refusing to restore the discontinued service of race track ncws.*

The telegraph company based its refusal to restore the service on Federal Communication's Tariff Regulation 219(8) infra.

McBride's brief disavows any contention that this regulation is unreasonable and at the hearing stated that for the purposes of this litigation it is, as claimed by the telegraph company, to be deemed valid. As his brief states it, "the issue is not the reasonableness of Tariff Regulation No. 219 but whether appellant can compel

*restoration* of service improperly denied him." [1] (Emphasis supplied.) So far as this case concerns this regulation, we are not presented with the question of constitutional right considered in such a case as New State Ice Co. v. Liebmann, 285 U.S. 262, at page 278, 52 S.Ct. 371, at page 374, 76 L.Ed. 747, where, the court determined the lack of constitutionality of "a regulation which has the effect of denying or *unreasonably* curtailing the common right to engage in a lawful private business." (Emphasis supplied).

Regulation 219, in paragraph (8), provides:

"Facilities furnished under this tariff shall not be used for any purpose or in any manner directly or indirectly in violation of any federal law or the laws of any of the states through which the circuits pass or the equipment is located, and the telegraph company reserves the right to discontinue the service to any drop or connection or to all drops and connections when it receives notice from federal or state law enforcing agencies that *the service is being* supplied contrary to law." (Emphasis supplied.)

The important factor in the regulation is that it is the *"service"* being supplied by the telegraph company over its wires through any drop which it may discontinue on receiving notice that it is violating the law. It is not necessary that there be a guilty participating of the sender or intermediate transmitter of the messages to the drop. The guilty use of the drop in receiving the messages is enough to show an illegal use of the wires' service.

Bookmaking of race track bets is illegal under Section 337a and Section 182 of the California Penal Code. McBride's racing news from the race tracks of other states was sold to a California corporation, Consolidated Publishing Co. of Los Angeles. Through the latter's direction, the out of state race track news was received through the drops in various places in California. McBride claims that the transmission of such news is a legitimate business under a California decision, People v. Brophy, 49 Cal.App.2d 15, 120 P.2d 946.

For the purposes of this appeal we assume that, so far as concerns McBride, he was engaged in a legitimate business in sending the race track news *from* the eastern tracks and that Consolidated Publishing Company in its participating in its transmission committed no wrongful act. Such facts are not relevant to the contention here that the restoration of the service was properly denied by the telegraph company because it was advised by California law enforcement officers that the recipients of the news were bookmakers using the receiving drops in making racing bets, thus causing the telegraph company to supply service violating the California law.

The telegraph company was notified by the Attorney General for California in writing that such illegitimate use of the drops was being made in several cities in California and by the Sheriff of Kern County, California, that such use was being made in the city of Bakersfield, California. McBride does not complain that the places of such illegal misuse are not sufficiently described, but that the statement of the notices of illegal use are not substantiated. We do not agree that the notifying officers are required to supply to the telegraph company the probative facts to be adduced in court in the trial of the cases of violation stated in the notices.

McBride's complaint contained two causes of action. We can see no essential difference between them. In both he states that the telegraph company should be "required by order of the court to *continue* to supply plaintiff with such facilities." (Emphasis supplied.) He contends, however, that his second cause of action requires the telegraph company to disregard the notices

---

[1] Hence there is no merit to the contention of the telegraph company that McBride's relief is confined to a resort to the Communication Commission under those cases holding that where the claim is that the "regulation in question is unlawful because unreasonable * * * the objection must be addressed to the Commission and not as original matter brought to the court." Ambassador, Inc., v. United States, 1945, 325 U.S. 317, 324, 65 S.Ct. 115, 1135, 89 L.Ed. 1637; Baltimore & Ohio R. R. Co. v. United States of America ex rel. Pitcairn Coal Co. 1910, 215 U.S. 481, 492, 494, 30 S.Ct. 164, 54 L.Ed. 292.

4

of the law enforcement officers because they concern a past wrongdoing and treat it as beginning de novo a litigation for the supplying of the telegraphic and drop services which the company refuses him.

The effect of such a construction would make nugatory the provisions of Section 219(8). A new illegal use would follow to be stopped only long enough for the bringing of another such suit as here. The process of law .violation would continue indefinitely with only minor stoppages by an impotent Attorney General. The telegraph company may rely on the Attorney General's and the county sheriff's notices as sufficient to justify the telegraph company's refusal to restore the services, which, as both complaints describe it, would be a continuing of past services.

The order denying the preliminary injunction is affirmed.