PEOPLE OF TERRITORY OF ALASKA ex rel. BOWMAN v. ALASKA AIRLINES, Inc., et al.

No. A–7946.

District Court, Alaska
Third Division, Anchorage.
Nov. 12, 1952.

Theodore R. Coomber, Los Angeles, Cal., for plaintiff.

McCutcheon & Nesbett, Anchorage, Alaska, for defendants.

FOLTA, District Judge.

By this statutory substitute for an action by information in the nature of quo warranto, plaintiff seeks to compel the defendant to convene a special meeting of the stockholders to elect a Board of Directors because, he alleges, the last annual meeting of the stockholders of defendant and the actions taken there were vitiated by violations of law and since the filing of the answer, plaintiff asks for a summary judgment.

From the affidavits filed in support of and in opposition to the motion for summary judgment, it clearly appears that an inspection of the list of stockholders was demanded within 30 days of the stockholders' meeting of August 5, 1952, but that it was not produced because it was not available until July 31.

Section 36-1-102, A.C.L.A.1949 provides that:

"Stockholders' meetings shall be held annually, at the principal corporate office of the corporation, which may be within or outside of the Territory of Alaska, and notice thereof must be delivered personally, or be deposited in the post office addressed to each stockholder, at the address last given by him to the corporation, at least thirty (30) days prior to such meeting. At least thirty days before such meeting a complete list of the stockholders entitled to vote shall be opened to inspection at the place of such meeting."

The affidavit of Elsie Brislawn, as originally prepared, recited, page 2, that there was a complete "alphabetical list" of all stockholders maintained at Anchorage as required by law. But the quoted words were erased and the word "record" substituted. This record as described in her affidavit was not a sufficient compliance with the statutory requirement. The failure to maintain the list resulted in an effectual denial of the right of solicitation of proxies by plaintiff and others. The explanation of affiant Brislawn that she was misled because the demand was for the list of stockholders entitled to vote "at the meeting of August 5th" instead of merely a list of stockholders "entitled to vote" betrays either a misconception of the law which is unavailing to the defendant, or a mere subterfuge, for obviously the law means a list of stockholders entitled to vote *at the next annual meeting* and not a list of stockholders entitled to vote in the abstract. Nor may the statutory requirement be evaded by means of a by-law, for in case of conflict the statute prevails. Moreover, the statement in the concluding paragraph of her affidavit that a list of stockholders was available must be deemed qualified by the specific antecedent statement that only the record described was available antedating the thirty-day statutory period. This is not a denial but an admission—an admission, incidentally, that is made by the defendant and which may be found by the Court without wresting such a finding from the record or resorting to a trial by affidavit. Accordingly I find that there is no genuine issue of fact on this point.

None of the questions raised by the answer is involved in this disposition of the motion, but it is noted that despite an ad-

verse ruling on defendant's motion to dismiss for failure to state a claim, the ground of that motion is repeated in the first defense of the answer and Sections 36–1–94–95 and 56–4–4 implying that the proceeding should be instituted by a governmental official, are cited in support thereof. Were it not for the fact that my ruling was made orally or at least without a written opinion and that, therefore, Judge Dimond is unfamiliar with the reasoning underlying it, I would not now advert to that defense.

The sections referred to were taken from the Oregon Code. The more recent interpretations given to them in that state indicate that where the interest in the suit is mainly private, the requirement that a government official be present is merely formal. His signature on the pleadings has been held to be sufficient. State ex rel., Security Savings & Trust Co. v. School District No. 9, 148 Or. 273, 31 P.2d 751. It is often held that where the proper state official refuses to proceed, a private party may bring the action upon his own relation, and in the name of the people. 44 Am.Jur. 134, Sec. 66 et seq. Cf. McBride v. Western Union Tel. Co., 9 Cir., 171 F.2d 1.

Where as here the private interest of the petitioner outweighs the public interest, and the defect is the mere formality of a signature, and a demand upon the prosecution would be futile, I am of the opinion that the objection of the defendant is not well taken. In this connection, the Court takes judicial notice of the fact that immediately preceding the institution of this proceeding the office of the U. S. Attorney was and had been for some time so understaffed that there was a backlog of approximately 100 criminal cases awaiting trial, and more than 100 awaiting presentation to the grand jury, all of which were entitled to priority over civil actions. In these circumstances, a demand upon that official would have been futile.

I conclude, therefore, that the motion for summary judgment should be granted. An order prepared in accordance herewith, fixing the time for a special meeting of the stockholders on January 5, 1953 may be submitted.