DREW, Justice.
The liquor license of appellant was suspended pursuant to the provisions of Section 561.291, Florida Statutes 1951, F.S.A. The suspension took place a few days after the telephone in appellant’s place of business was removed pursuant to the request of tlie Attorney General of Florida and in accordance with the regulation of the Florida Railroad and Public Utilities Commission; which we upheld in Dade County News Dealers Supply Co. v. Southern Bell Tel. & Tel. Co., Fla., 48 So.2d 89, 90. In this case we said:
“The first point for consideration is whether or not appellee, Southern Bell Telephone and Telegraph Company was warranted in discontinuing its telegraph and telephone service to Dade County News Dealers Supply Company when notified to do so by the Attorney General on the ground that it was being used for unlawful purposes.
“We think this question requires an affirmative answer. Chapter 364, Florida Statutes 1941, F.S.A., authorizes the Commission to regiilate and control telephone and telegraph companies-. Section 364.20- authorizes the Commission to adopt the rule under attack and provides that it shall be reasonable and just and such as ought to have been made in the premises. The rule does no more than enact the law as it existed at the time and there is not the slightest suggestion that the rule is arbitrary or unreasonable or in some other way may work an injustice on the appellant or its patrons. We think the following cases conclude the question: Hagerty v. Southern Bell Telephone & Telegraph Co., 145 Fla. 51, 199 So. 570; Tracy v. Southern Bell Telephone & Telegraph Co., D.C., 37 F.Supp. 829; Hagerty v. Southern Bell Telephone & Telegraph Co., D.C., 59 F.Supp. 107; McBride v. Western Union Telegraph Co., 9 Cir., 171 F.2d 1.”
Immediately appellant sought and obtained an injunction preventing interference of the appellees with his operations under his license.
After a' hearing before the Florida Railroad and Public Utilities Commission for the restoration of appellant’s service in which the' Commission found that the telephone had been used for illegal purposes, the appellees moved to dissolve the injunction and attached to the motion in support thereof the proceedings before the Railroad and Public Utilities Commission above referred to. On a hearing on this motion to dissolve, the lower court entered a final decree finding that Section 561.291, Florida Statutes 1951, F.S.A., was a valid enactment under the police powers, dissolved the injunction and dismissed the complaint. It is from this decree that this appeal is prosecuted.
Appellees say — and we agree — that the only real question to be decided on this appeal is: Does Section 561.291, Florida Statutes 1951, F.S.A., insofar as it provides for the automatic suspension of a beverage license, without notice and hearing, but after some communication facility has been removed from the premises by a law having for its purpose the elimination of bookmaking- or other gambling, violate the due- process provisions of the State and Federal Constitutions?
A liquor license is not property in a constitutional sense. It is a pure privilege to engage in. a business that would otherwise be unlawful. Blum v. Ford, 194 Ark. 393, 107 S.W.2d 340; People v. McBride, 234 Ill. 146, 84 N.E. 865, 123 Am.St.Rep. 82; Annotation in 124 A.L.R. 541. Only recently in the case of State ex rel. Hoffman v. Vocelle, 159 Fla. 88, 31 So.2d 52, 54, we said:
“It is established law that a so-ver-eign state, when functioning under its police power, may enact such measures *682 as are reasonably calculated to be essential or necessary in behalf of the general welfare for the control and regulation not only of the sale but the possession of intoxicating liquors. Tlie form or method of regulation and control is one of public policy for the decision of each state, and frequently the prevailing view is reflected by appropriate legislative enactments.”
There is no field in which the courts have recognized a wider latitude for the exercise of the police power- — nor one where there is greater need therefor — than in the sale or possession of intoxicating liquors. The public welfare demands the strictest scrutiny of this business by those entrusted with and who have the responsibility of law enforcement and they must be clothed with sufficient power — within constitutional limits — properly to supervise it. The Act under attack is plainly a valid and constitutional enactment and the able Chancellor below was correct in so ruling.
Affirmed. ■
TERRELL, THOMAS, SEBRING, HOBSON and MATHEWS, JJ., concur.
ROBERTS, C. L, dissents.