**ALASKA AIRLINES, Inc. et al. v. PEOPLE OF TERRITORY OF ALASKA ex rel. BOWMAN.**

No. 13666.

United States Court of Appeals
Ninth Circuit.

July 17, 1953.

McCutcheon, Nesbett & Rader, Anchorage, Alaska, Stuart G. Oles, Seattle, Wash., James Michael and Allan R. Moltzen, San Francisco, Cal., for appellants.

Theodore R. Coomber, Los Angeles, Cal., for appellee.

Before HEALY, BONE, and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellant is a corporation with its office and principal place of business in Anchorage, Alaska. Its 1952 annual meeting of stockholders was called for August 5, 1952, and notice duly given each stockholder. The by-laws of the corporation provide that stockholders of record ten days prior to the annual meeting may vote at the meeting, and no transfers of stock on the books of the corporation are permitted during the ten days. In addition to the notice of the meeting a second notice was given to all stockholders shown on the records of the transfer agent at the close of business July 25, 1952. At the annual meeting of the corporation held August 5, 1952, officers were elected and other business transacted.

Appellee Harry A. Bowman, a stockholder in appellant corporation, in an action brought in the District Court for the Territory of Alaska, Third Division, challenged the validity of said stockholders' meeting and alleged that the attempted election of officers was a void act. The gist of the charge made by Bowman is that in calling the stockholders' meeting appellant failed to comply with the requirements of Section 36-1-102, A.C.L.A.1949. The relevant part of the statute reads: " * * * At least thirty days before such [annual stockholders'] meeting a complete list of the stockholders entitled to vote shall be opened to inspection at the place of such meeting."

Upon issues being joined, appellee made a motion for summary judgment. In determining the motion the trial judge had be-

fore it, in addition to the pleadings, affidavits tendered by appellants and appellee. The trial court granted the motion and entered a summary judgment, D.C., 108 F. Supp. 274, on the ground that it affirmatively appeared from the affidavit of Elsie Brislawn, Assistant-Treasurer of appellant corporation, that the list of stockholders as required by Alaskan law was not made available for inspection until July 31, 1952. The trial court said, " * * * upon this point and upon this point only there is no genuine issue of fact to be submitted to a trial court, and having concluded that the plaintiff is entitled to a judgment as a matter of law * * *."

From the affidavit of Elsie Brislawn and other evidence before the trial court, it is evident that as a matter of practice, an alphabetical list of stockholders entitled to vote at an annual meeting in a given year is made up ten days before the meeting. After the annual meeting this list is kept on file in the Anchorage, Alaska, office of the corporation and is supplemented by daily transfer sheets sent by the New Jersey transfer agent at the close of each business day during the year. These daily sheets show all shares of stock of appellant corporation transferred and issued on that date, giving the following information: the name of the stockholder whose certificate is surrendered, the name and address of the new stockholder to whom the shares were transferred, giving the number of shares and the new certificate number, and the date thereof.

█ Thus the 1951 annual stockholders' list in alphabetical form supplemented by the daily transfer sheets was available at the corporate office in Anchorage, Alaska, not only thirty days before the 1952 annual meeting, but at all times during the year. Section 36–1–102, A.C.L.A.1949 does not require that the list of stockholders shall be in any particular form. It follows that a complete list of stockholders was on file in the corporate office thirty days before the 1952 annual election, subject possibly to a time lag of a few days in the receipt of transfer sheets from New Jersey. As a matter of fact, there is no showing that any transfers took place in this interval.

We are satisfied that the list of stockholders available at the office of appellant corporation thirty days before the annual 1952 stockholders' meeting was a substantial compliance with the Alaskan law. It was sufficient to give legally required information to all who diligently and in good faith might seek it. The entry of the summary judgment was therefore error.

█ The trial court was of the opinion that the corporate by-law providing for the close of the stockholders' book ten days prior to the annual meeting and fixing that date as the record date for the determination of stockholders entitled to vote at such meeting, was in conflict with Alaskan law. We perceive no conflict. The by-law in effect makes provision as to the voting eligibility of transferees subsequent to the thirty day period, which Section 36–1–102, A. C.L.A.1949 makes no provision for but does not prohibit.

Judgment reversed and cause remanded for further proceedings.