82 So.2d 155 (1955)
Herman WEINER, H.S. McClelland and Jack Davis, Appellants,
v.
Thomas J. KELLY, Sheriff of Dade County, Florida, George Earl Brown, W.H. Gasque, Paul Cousins, and Thomas Sullivan, Appellees.
Supreme Court of Florida. Division A.
July 27, 1955.
Rehearing Denied September 12, 1955.
*156 Hilton R. Carr, Jr., and Herbert A. Warren, Jr., Miami, for appellants.
Richard W. Ervin, Atty. Gen. and George E. Owen, Asst. Atty. Gen., for appellees.
TERRELL, Justice.
Upon an affidavit sworn to July 31, 1952, the Sheriff of Dade County and other law enforcement officers secured a search warrant from one of the Judges of the Eleventh Judicial Circuit commanding them to search the premises at 1773 N.W. 7th Avenue, Miami, Florida, and to seize as evidence any gambling implements or devices used for the purpose of gambling or for unlawfully taking and disseminating information on horse races for gambling purposes. The search warrant was served at said premises and return thereon made August 1, 1952. The property listed as being seized was bet slips, numerous rundown sheets and Harvey A. Jr. scratch sheets. The state filed criminal charges against defendants Herman Weiner, alias "Big Hymie," Hoke Smith McClelland and Jack Davis, charging them with book-making. They moved promptly to quash the search warrant; their motion was granted and the county solicitor filed a nolle prosequi. No case is now pending in state court resting on the search warrant or the evidence seized by the officers.
July 27, 1953, the United States District Attorney, Southern District of Florida, filed an information against defendants charging them with unlawfully accepting wagers without registering or paying the wagering tax required by federal law. 26 U.S.C.A. § 3285 et seq. March 29, 1954, counsel for defendants was furnished a bill of particulars. April 2, 1954, appellants here, plaintiffs below, filed complaint in the Circuit Court, Dade County, to enjoin the state officers from testifying against them in the United States Court and praying that the sheriff of Dade County be restrained from turning over to the federal authorities the contraband evidence secured from the search and seizure heretofore described. Defendants answered and moved to dismiss the complaint. Plaintiffs moved for decree on bill and answer. The cause was heard on the motion for decree on bill and answer and defendants' motion to dismiss. The trial court granted the motion to dismiss with prejudice. This appeal is from that order.
The two questions, (1) whether or not the complaint states a cause of action and (2) whether or not a court of equity in *157 Florida has jurisdiction to enjoin state officers from testifying in a federal court or in any court as to evidence secured by them in violation of Florida law relating to illegal searches and seizures, F.S.A. Const. Declaration of Rights, § 22; F.S.A. §§ 933.04, 933.19, will be treated together.
That evidence secured as result of an illegal search is inadmissible as evidence in any cause in a state court is no longer open to question. Jeffcoat v. State, 103 Fla. 466, 138 So. 385; Cooper v. State, 106 Fla. 254, 143 So. 217. Where irreparable damage is shown, equity may lie to restrain the use of illegally secured evidence in state or federal courts, but we are aware of no case, nor are we cited to one, where, in a cause pending in a state court, equity may be invoked to restrain proceedings in the federal court. This court is committed to the doctrine that equity can not be employed to enjoin the commission of a crime or to enforce the criminal laws. Hagerty v. Coleman, 133 Fla. 363, 182 So. 776; Hagerty v. Southern Bell Telephone & Telegraph Co., 145 Fla. 51, 199 So. 570.
Appellants do not contend that they were not violating the law; neither do they admit that the property seized was contraband or that they were lawfully in possession of it. They say that equity is without jurisdiction to determine the legality of the search warrant. They contend that the decision of the trial court as to these matters is res judicata. In answer to this contention, it is sufficient to say that the constitutional inhibition against unlawful searches and seizures derives from the common law dogma securing to every citizen in his person, property, papers and effects freedom from unreasonable search and seizure. Appellants fail to show ground for the relief prayed for. Church v. State, 151 Fla. 24, 9 So.2d 164; Mixon v. State, Fla. 1951, 54 So.2d 190.
The gist of appellants' contention on this appeal is that since no criminal or civil proceeding is pending in the state courts and the United States District Attorney has filed criminal charges against them for violating federal law, the equity power of the state should intervene and restrain state officers from producing the contraband evidence secured by the sheriff or from testifying in any manner whatever about it.
The general rule recognized by 28 Am.Jur., page 420, is that when a state court first acquires jurisdiction, it may resort to injunctive relief to protect such jurisdiction against criminal proceedings subsequently instituted in a federal or any other court. State courts are seldom called on to restrain criminal proceedings in a federal court and when done, it will require unusual circumstances and a strong showing of irreparable loss or damage to complainant's property or other rights to justify intervention by the state court. Under no circumstances will it be done where the remedy at law is adequate. Appellants fall short of presenting a case within this rule.
Questions three, four and five have to do with (1) the effect of quashing the search warrant under named circumstances; (2) whether or not the Circuit Court may order return of the property seized where probable cause did not exist for the grounds on which the search warrant was issued, and (3) whether or not it was possible by amendment to the complaint to spell out a cause of action from the facts stated in the complaint. We think the reasonable deductions from, and what we have said in answer to, the first and second questions sufficiently explore and dispose of questions three, four and five.
It is accordingly our view that the order of the lower court dismissing the complaint with prejudice must be and is hereby affirmed.
Affirmed.
DREW, C.J., and SEBRING and ROBERTS, JJ., concur.