415 F.2d 298
 John A. PALERMO and Shirley Palermo, His Wife,
v.
The BELL TELEPHONE COMPANY OF PENNSYLVANIA and Arlen Specter, District Attorney of Philadelphia, (2 cases.)
 No. 17381.
 No. 17382.
 United States Court of Appeals Third Circuit.
 Argued June 9, 1969.
 Decided July 1, 1969.
 As Amended July 29, 1969.
 
 John Rogers Carroll, Philadelphia, Pa., for appellants.
 Jerome J. Shestack, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa. (M. Richard Kalter, Philadelphia, Pa., John B. King, Donald F. Clarke, Philadelphia, Pa., on the brief), for appellee Bell Telephone Co.
 Joseph J. Musto, Asst. Dist. Atty., Philadelphia, Pa. (Roger F. Cox, Asst. Dist. Atty., James D. Crawford, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee Arlen Specter.
 Before STALEY, ALDISERT and STAHL, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 In February of 1968, the office of appellee Arlen Specter, the District Attorney of Philadelphia County, obtained evidence from the home of appellants, John and Shirley Palermo, which tended to implicate John Palermo of using his telephone service in violation of the gambling and banking laws of Pennsylvania. Subsequently, the District Attorney's office informed appellee Bell Telephone Company of Pennsylvania of the alleged illegal use of the telephone, and Bell in turn, acting in accordance with tariff regulations filed with both the Pennsylvania Public Utilities Commission and the Federal Communications Commission, discontinued appellants' telephone service on the stated ground that the service had been and would be used for unlawful purposes.
 
 
 2
 Appellants brought suit against Specter and Bell in the district court pursuant to section 406 of the Federal Communications Act (47 U.S.C. § 406),[1] charging inter alia that their telephone service (and their right to the continuation thereof) was summarily discontinued without legal process or proceeding in violation of 47 U.S.C. §§ 201 and 202. The district court refused to preliminarily enjoin appellees from the continued termination of appellants' telephone service and dismissed the complaint.[2] This appeal followed.
 
 
 3
 In their effort to litigate this controversy in the Federal courts rather than in either of the aforementioned commissions or in the state courts, appellants have attempted to walk the thinnest of legal tightropes. On the one hand, they argue that termination of their telephone service was illegal because done without a hearing and on the basis of alleged illegally seized evidence. On the other hand, they insist that Bell acted reasonably in all respects in terminating their service and that the tariff regulations (under which Bell was admittedly obligated to act)[3] were reasonable — even though they did not provide for a hearing prior to termination.[4] Detecting the obvious lack of balance in appellants' position, the district court held, and correctly so, that if Bell acted reasonably in the premises, as appellants concede, there was no cause of action upon which relief could be granted under 47 U.S.C. §§ 201 and 202.
 
 
 4
 Accordingly, the district court's order denying the motion for a preliminary injunction and dismissing the complaint will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 To date, there appears to have been only one other case brought under § 406. It is McBride v. Western Union Telegraph Co., 171 F.2d 1 (C.A. 9, 1949)
 
 
 [2]
 Although appellants asserted in their complaint that the district court had jurisdiction under the Civil Rights statutes, 42 U.S.C. § 1981 et seq., the district court did not explore this claim because it was not pursued below. Similarly, appellants do not press this jurisdictional basis on appeal
 
 
 [3]
 As stated in Carter v. American Telephone & Telegraph Co., 365 F.2d 486, 496 (C.A. 5, 1966), cert. denied, 385 U.S. 1008, 87 S.Ct. 714, 17 L.Ed.2d 546 (1967): "* * * a tariff, required by law to be filed, is not a mere contract. It is the law."
 
 
 [4]
 The ostensible reason for appellants' refusal to challenge the reasonableness of the tariffs or of Bell's activity in terminating their service appears to be their reluctance to contend with the familiar doctrine of "primary jurisdiction." As stated in 3 Davis, Administrative Law Treatise § 19.01 at 3 (1958): "The precise function of the doctrine of primary jurisdiction is to guide a court in determining whether the court should refrain from exercising its jurisdiction until after an administrative agency has determined some question or some aspect of some question arising in the proceeding before the court." There can be little doubt that if appellants had attacked the reasonableness of Bell's practice or of the tariffs herein the district court would have found primary jurisdiction in either the Pennsylvania Public Utilities Commission or the Federal Communications Commission. See Ambassador, Inc. v. United States, 325 U.S. 317, 65 S.Ct. 1151, 89 L.Ed. 1637 (1945); Philco Corp. v. American Telephone & Telegraph Co., 80 F.Supp. 397 (E.D.Pa. 1948)Cf. Carter v. American Telephone & Telegraph Co., 365 F.2d 486 (C.A. 5, 1966), cert. denied, 385 U.S. 1008, 87 S.Ct. 714, 17 L.Ed.2d 546 (1967).
 Appellants' reliance upon Telephone News System, Inc. v. Illinois Bell Telephone Co., 220 F.Supp. 621 (N.D.Ill. 1963), aff'd per curiam, 376 U.S. 782, 84 S.Ct. 1134, 12 L.Ed.2d 83 (1964), and Kelly v. Illinois Bell Telephone Co., 210 F.Supp. 456 (N.D.Ill.1962), aff'd, 325 F. 2d 148 (C.A. 7, 1963), is misplaced because those cases arose under 18 U.S.C. § 1084, a statute not involved here.